## J. W. GALVIN v. B. R. McCONNELL ET AL.

### Decided January 30, 1909.

**1.—Appointment of Receiver—Statute.**

The remedy by receivership is to be cautiously applied. A creditor having a valid debt and lien on property of a corporation is entitled to proceed in a legal way in the collection of his debt without being incumbered with the delays and unavoidable costs of a receivership in all cases save in those where by the statute or principles of equity a receiver for the incumbered property is authorized. Mere insolvency of a corporation is in equity no ground for the appointment of a receiver, though by our statute, art. 1465, clause 3, Rev. Stats., in general terms it seems to have been made so.

**2.—Same—Prior Lien.**

The appointment of a receiver for a corporation cannot destroy a valid lien existing upon property before it was acquired by the corporation, nor will it be presumed that such property will be needlessly sacrificed in lawfully subjecting the same to the payment of a debt and foreclosure proceedings; hence a suit to foreclose such lien is not of itslf sufficient cause for the appointment of a receiver.

**3.—Same—Corporation.**

In a suit for debt and foreclosure of a mortgage lien upon land, in which suit a corporation, to which the land was conveyed by the mortgagor after the suit was filed, and the unsecured creditors of said corporation were allowed to intervene, an application by said corporation and its creditors for the appointment of a receiver for the corporation with authority to take charge of said land and the affairs of the corporation, considered, and held insufficient to authorize or require the appointment of a receiver.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

*Nicholson & Fitzgerald,* for appellant.—The court erred in appointing a receiver to take charge of the property of defendants, upon which plaintiff has a contract lien, at the request of the interveners herein, for the following reasons, to wit:

1st. Because said interveners had no interest in the subject matter of this suit or any interest in the property sought to be subjected to plaintiff's lien.

2d. Because the property did not belong to the Jacksboro Stone Company.

3d. Because no necessity was shown for the appointment of receiver herein.

4th. Because the interveners had shown no right to intervene in this suit. New Birmingham Iron & Land Co. v. Blevins, 34 S. W., 828; Carter Bros. & Co. v. W. A. Hightower, 79 Texas, 135; 27 Cyc., p. 1581, and authorities there cited; Williams v. Bailey, 29 S. W., 834; Stansell v. Fleming, 81 Texas, 294; Farwell v. Babcock, 65 S. W., 509; Rev. Stats., art. 1465, cl. 3.

*Sporer & McClure,* for appellees.—The court found that the property had been conveyed to the Jacksboro Stone Company, an insolvent corporation. Such being the case, the intervening creditors had a right to have a receiver appointed to hold said property until the final determination of this controversy. Rev. Stats., art. 1465, sec. 3; 3 Thompson, Corp., secs. 2956-57; Lyon Hdw. Co. v. Perry Stone Mfg. Co., 86 Texas, 156; Rogers v. East Line Lumb. Co., 33 S. W., 312; Sanger v. Upton, 91 U. S., 56, 23 Bk., 220 (see p. 222); 2 Thomp., Corp., p. 1223, secs. 1569-1582; Sawyer v. Hoag, 17 Wall., 610 (Bk. 21, p. 731; see pp. 735-6.)

The court having found that the corporation was insolvent, the intervening creditors had an equitable lien on the property of the corporation; and this was all the lien that the court found that they had, which was superior to appellant's lien, who was estopped. Rev. Stats., art. 1465, secs. 1-4; Cotton v. Rand, 92 S. W., 266; United States & Mex. Trust Co. v. Delaware Cons. Co., 112 S. W., 460; Scott v. F. & M. Nat'l Bank, 97 Texas, 31.

CONNER, CHIEF JUSTICE.—This is an appeal from an interlocutory order of the District Court appointing a receiver of the property of the Jacksboro Stone Company in a suit instituted by appellant against B. R. McConnell, Mrs. Jeanette D. McConnell and Mrs. Lou McConnell upon a promissory note executed by the latter-named persons for ten thousand dollars, with interest and attorney's fees, and for a foreclosure of the lien given to secure the same, which was evidenced by certain trust deeds conveying to a trustee all of the property described in the plaintiff's petition. It was alleged that the note and lien had been made to Ella Dilworth and later acquired by appellant in due course of trade. After the institution of the suit the Jacksboro Stone Company, doing business upon the land described in the trust deed,

A. J. Birdsong, and numerous other creditors of the Jacksboro Stone Company, were permitted to intervene upon petitions therefor praying for the appointment of a receiver. So far as necessary to state, the intervening creditors alleged that appellant had permitted himself to be held out as one of the directors of the Jacksboro Stone Company; that he had failed to perform any of the duties of such director; that he had permitted the company to become insolvent on account of his gross negligence and inattention; and that the advances and credits specified in the petition for intervention had been extended to the Stone Company upon the faith that appellant, who was known as a man of means, business energy and discretion, was such director. It was further charged that the cattle upon which appellant's lien rested numbered between seventy-five and one hundred head, of value from fifty to one hundred dollars each; that the land consisted of a little more than one thousand acres of the value of twenty to twenty-five dollars per acre if properly sold, and it was insisted that appellant should exhaust his lien upon the cattle before resorting to the land, and that he should not be permitted to sacrifice the land, "but that it should be cut up and sold advantageously, as well as the other property, so that the rights of the interveners should be protected; . . . that in order to accomplish this a receiver should be appointed for that purpose, as well as to operate said plant during this suit."

The court found that the Jacksboro Stone Company was an insolvent corporation; that the interveners, Birdsong and others, were creditors of the corporation, and that the corporation is unable to operate its plant, viz., the business of quarrying and crushing stone for sale. The court further found that appellant's lien was prior to any lien of the interveners, which is, as stated by the court in his findings, "no other lien except such as the law gives to creditors of an insolvent corporation upon the assets of the same;" but that "it is to the interest of said interveners creditors, as well as to the intervener Jacksboro Stone Company, that a receiver be appointed to operate the same under the directions of this court," and thereupon proceeded to make the order appealed from. It should perhaps in this connection be further stated that interveners further alleged that the Jacksboro Stone Company had been incorporated with a capital stock of thirty thousand dollars, represented to have been paid in full; that appellant was one of its original incorporators, and that in fact no part of said capital stock had ever been paid up.

We have very carefully considered the several petitions for intervention, as well as the court's findings, and have been unable to adopt the view represented by the judgment of the trial court. In all cases, as we understand the law, the remedy of a receivership is to be cautiously applied. (See 5 Pom., Eq., section 117.) A creditor having, as here, a valid debt and lien on property of a corporation, is entitled in the legal way to proceed in the collection of his debt without being incumbered with the delays and unavoidable costs of a receivership in all cases save in those where by the statute or principles of equity a receiver for the incumbered property is authorized. Mere insolvency of a corporation in equity is no ground for the appointment of a receiver (5 Pom., Eq., section 116), though by our statute in general terms it

seems to have been made so. (See Rev. Stats., article 1465, clause 3.) Another clause of the same article of the statute in like general terms, however, was held by our Supreme Court not available for a mere creditor of an insolvent corporation without specific lien. (See Carter Bros. v. Hightower, 79 Texas, 135; see also New Birmingham Iron & Land Co. v. Blevens, 12 Texas Civ. App., 410; Espuela Land & Cattle Co. v. Bindle, 5 Texas Civ. App., 18; People's Inv. Co. v. Crawford, 45 S. W., 738; 5 Pom., Eq., sections 112 and 118), it being stated in the last section "that it is error for the court to appoint a receiver of a corporation on its own petition alleging its insolvency." It can not be contended that the court by receivership proceedings can destroy appellant's lien. Indeed, the court expressly recognized his lien as valid and prior in point of time to any lien that could be asserted by appellees. Appellees' lien at best is but a lien upon the assets, if any, of the insolvent corporation after the payment of debts having priority. It is not to be presumed that in lawfully subjecting the property upon which appellant has a lien to the payment of his debt it will be needlessly sacrificed. Without the appointment of a receiver securities may be marshaled and the land upon which the lien exists may be sold in quantities less than the whole, our statute expressly providing that a defendant in execution may designate the size of the parcels and order of their sale. (Rev. Stats., article 2363.) If the property has the value alleged by appellees, it would seem that there is more than is necessary to satisfy appellant's debt besides the right the interveners undoubtedly have to resort to the unpaid capital stock as assets to which they may look in satisfaction of their claims. See Sanger v. Upton, 91 U. S., 56, 23 Law Ed., page 222. See also Revised Statutes, article 671, which expressly provides that where an execution "shall have been issued against property or effects of a corporation, except a railway or a religious or charitable corporation, and there can not be found any property whereon to levy such execution, then the execution may be issued against any of the stockholders to an extent equal to the amount of the stock unpaid," etc. It is not alleged that the original incorporators are insolvent, and while it is charged that the Jacksboro Stone Company is indebted in sums other than those stated in the several petitions, no statement of the amount of such other indebtedness is given so as to enable the court to determine whether the total indebtedness exceeds the assets of the incorporation. Nor is any fact alleged showing why the corporation is unable to pursue its ordinary business. Nor do we think the allegation that appellant permitted the company to hold him out as a director sufficient ground for the appointment of a receiver, for while the allegations that appellant acted fraudulently in so permitting himself to be held out are several times repeated, no affirmative act on appellant's part of fraud or of mismanagement of the affairs of the corporation is charged from which fraud or liability for loss can be deduced. He was not the managing officer of the corporation; the corporation according to the allegations operated its business within the county of the principal intervener's residence; it was alleged that appellant's lien had been duly recorded in that county on a day antedating the accrual of interveners' claims, and the mere fact that interveners may have understood, as they al-

leged, that appellant was one of the directors could not, under the circumstances of this case, operate as such fraud or mismanagement as authorizes a receivership. It is true that the court found that it was to the "interest" of the interveners that a receiver be appointed, but this can hardly be construed as an express finding of a necessity, or if so, it is a finding not authorized by the pleadings, and hence is not controlling.

On the whole we think there was no sufficient cause for the appointment of a receiver shown, and it is accordingly ordered that the judgment be reversed and the order for the appointment of the receiver be in all things vacated and set aside.

*Reversed, and appointment of receiver vacated.*