Pecos & Northern Texas Railway Company v. W. P. Trower
ET AL.

Decided May 7, 1910.

**1.—Personal Injuries—Passenger on Freight Train—Charge.**

The court charged the jury that if they found under the circumstances submitted to them that the plaintiff was a passenger, although riding on a freight train, it was the duty of the railroad company "to have used the highest degree of care for his safety;" the court defined the "highest degree of care" as "such care as a very cautious or prudent person in a like business would exercise under the same or similar circumstances; and such care is due by the servants of a railroad company to its passengers whether on a freight or a passenger train." Held, the charge was not subject to the objection that it imposed too great a burden of care upon the defendant.

**2.—Same—Trespasser—Duty of Carrier—Charge.**

The court charged the jury that in the event they found that the plaintiff was a trespasser on one of the defendant's freight trains, then the duty of the defendant was only "to use ordinary care not to wilfully or recklessly injure" him. Held, said charge imposed no greater burden on the defendant than if the court had instructed the jury that it was the defendant's duty not to wilfully or recklessly injure him.

**3.—Charge—Designation of Parties—Harmless Error.**

A reference in the charge of the court to a minor who sues by next friend, as the "plaintiff," if error at all is harmless error when the charge taken as a whole makes it unreasonable to suppose that the jury were misled thereby.

Appeal from the District Court of Parmer County.  Tried below before Hon. D. B. Hill.

*Terry, Cavin & Mills, Madden, Trulove & Kimbrough* and *Carl Gilliland,* for appellant.

*L. C. Barrett* and *J. M. Jones,* for appellees.

CONNER, Chief Justice.—Appellee W. P. Trower instituted two suits against the appellant, one to recover for himself, and the other to recover as next friend for his minor son, Robert Trower, damages sustained as a result of personal injuries suffered by the son while riding on one of appellant's freight trains. The two suits were consolidated and tried before a jury, and resulted in a verdict and judgment in favor of W. P. Trower, individually, for the sum of one thousand, thirty-one dollars and fifty cents, and in his favor as next friend as damages sustained by the son for the sum of six thousand, two hundred and fifty dollars. From such judgment this appeal has been prosecuted.

Appellee alleged that his said son was a farmer boy about nineteen years of age; that on the 5th day of October, 1908, at the special instance and request of defendant's servants, who were operating a freight train passing from Farwell to Amarillo, he took passage on such train; that when said train was approaching Canyon City, an intermediate point, and as it "slowed down" for such station, Robert

Trower, who was then riding on the engine, was directed and commanded by the operatives of the engine to go back to a car; that in obedience to this command and while the train was moving slowly, Robert Trower undertook to go back over the tender and the cars to the caboose; that while so doing, and acting in obedience to the directions of the engineer and fireman, it was necessary for him to climb down the side of one of the stock cars in the train, and that while in the act of climbing from the car to the ground in order to get to the caboose the train was suddenly and negligently jerked, throwing him down between the cars, causing the wheels of the car to run over and cut off one of his feet and cripple the other, thereby permanently injuring him, and causing the father loss of his services during minority, and permanently destroying the boy's earning capacity as a farmer.

It was alleged that Robert Trower was a passenger on said train and that he had paid to the trainmen railroad fare, and that defendant's servants failed to use that high degree of care due to Robert Trower as a passenger. It was also alleged that if the plaintiff was mistaken as to Robert Trower being a passenger, he was, when on the side of the car, in a perilous position, and known to be so by the operatives of the engine who failed to exercise ordinary care to avoid injuring him.

The defendant answered by general and special demurrers and general denial, and by special pleas alleging that Robert Trower was guilty of contributory negligence and that the train upon which he was riding was a freight train not provided for passengers, and that the employees of the defendant in charge of the train, were by the orders and rules of the company, prohibited from receiving and transporting passengers thereon, all of which was known to Robert Trower; that if he had any contract for transportation on said train, such contract was not made with an authorized agent of the defendant, but was made without authority and contrary to the rules, regulations and orders of the defendant, so that the said Robert Trower became and was a trespasser on said train. To this phase of the defense, however, the plaintiff alleged that if prior to the time of the injury in question, the defendant had promulgated a rule prohibiting freight trains on its lines from carrying passengers, that for a space of about three years prior to the accident the agents and servants of defendant operating its freight trains over defendant's line of roads, had been in the habit of carrying passengers on freight trains to such an extent that had defendant or its superior officers used ordinary care they would and could have known that the same was being done, and would and could have prevented the same had they used such care, and would and could have informed the public that it was against the rules of defendant to carry passengers on said trains; that Robert Trower at the time of his injury and before that time, believed said servants had authority to carry passengers and to carry him, as they undertook to do and were doing at the time of the injury, and that the rule invoked by the defendant, if any, had been waived.

Appellant presents a brief of some eighty-three pages, containing thirty assignments followed with propositions and statements, all of

which have been carefully examined, but in which we find no question of substantial merit. The evidence sustains the judgment on both phases of appellee's case; that is, it undoubtedly is sufficient to support a finding that Robert Trower was a passenger upon the train by which he was injured, the evidence tending to show not only that the conductor of the train invited him to enter thereon, and that he was a passenger, but also that the engineer saw his perilous position at the time of the sudden movement of the train which resulted in his fall and injury. The evidence also supports the inference that appellant's printed regulations, forbidding passengers upon trains such as the one under consideration, had been waived by long continued violation, and appellant does not seem to question the sufficiency of the evidence to sustain the issue of negligence on the part of the operatives in directing Robert Trower to leave the engine at the time, and under the circumstances that they did, and in making the sudden movement of the train which caused the boy's fall.

By a general demurrer and numerous special exceptions which the court overruled, and because of which assignments are severally presented, it is insisted that appellee's pleadings do not show that Robert Trower was a passenger. All of these asignments must be overruled as not sustained by the record. So must also the exceptions to the court's charge because unauthorized by the evidence.

Two objections to the charge we should possibly notice. It is insisted that the court was in error in instructing the jury in the fifth paragraph, that if they found under the circumstances submitted to them that Robert Trower was a passenger, that it was the duty of the defendant "to have used the highest degree of care for his safety." The contention is that such charge imposed too great a burden of care upon the defendant, but the objection, if tenable at all, is dissipated when we look to the definition given by the court of the term "highest degree of care." The court charged: "The highest degree of care is such care as a very cautious or prudent person in a like business would exercise, under the same or similar circumstances; and such degree of care is due by the servants of a railroad company to its passengers, whether on a freight or a passenger train." The jury, therefore, could not have been misled to appellant's prejudice by the use of the terms, "the highest degree of care" in the fifth paragraph of the charge. These terms are to be read in the light of the definition theretofore given by the court, and to impute to the jury any other understanding is to credit them with a want of intelligence that we are unwilling to accede. The degree of care imposed in the event specified in the court's charge was the proper one. See Fort Worth & Denver City Ry. v. Rogers, 24 Texas Civ. App., 382 (60 S. W., 61); Dillingham v. Wood, 8 Texas Civ. App., 71 (27 S. W., 1075).

Under a number of assignments it is also insisted that the proper degree of care was not imposed in the same section of the court's charge in event that the jury should find that Robert Trower was not a passenger, but a trespasser. In this event, the jury were instructed that the duty of the company was only "to use ordinary care not to willfully or recklessly injure the said Robert Trower." The contention is that the defendant in such event owed Robert Trower no care whatever,

but only the "duty not to willfully or recklessly injure him." We see no meritorious distinction. The direction to use "ordinary care" not to willfully or recklessly injure him, is of no greater significance and imposes no greater burden than if the court had instructed the jury that in event Robert Trower was a trespasser, then it was the defendant's "duty" not to willfully or recklessly injure him. We think the charge in this respect equally as favorable to appellant as it was entitled to demand. Claiborne v. Missouri, K. & T. of Texas, 21 Texas Civ. App., 648 (57 S. W.; 336); Wilcox v. San Antonio & A. P. Ry., 11 Texas Civ. App., 487, (33 S. W., 381).

In the sixth paragraph of the court's charge, the jury were instructed to find for the plaintiff in event they found the facts therein specified "unless you find plaintiff guilty of contributory negligence as that term is hereinafter defined." The use of the word, plaintiff, instead of Robert Trower, even if inaccurate, was evidently a clerical mistake, and it is unreasonable to suppose that the jury were misled thereby when the charge as a whole is considered.

Nor is the sixth paragraph erroneous in that it assumed the authority of the operatives of the engine to direct Robert Trower to leave the engine, and go to some other car. If, under the circumstances, Robert Trower was without contributory negligence in obeying the command, the authority of the engineer was entirely immaterial, even if it could be otherwise supposed that the engineer was without authority to give the direction indicated.

The judgment is complained of as excessive, but nothing is pointed out under the assignment raising this question, (the thirtieth), which shows error in this respect.

All assignments are overruled, and the judgment affirmed.

*Affirmed.*

Writ of error refused.