ABILENE INDEPENDENT TELEPHONE & TELEGRAPH CO. v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO. (Nos. 8484, 8443.)

(Court of Civil Appeals of Texas. Ft. Worth. March 18, 1916.)

1. AFFIDAVITS ☞3—KNOWLEDGE OR INFORMATION—AFFIDAVITS REQUIRED.

Affidavits required in the course of pleadings or for the obtaining of writs or special process, if made either by a party seeking relief or by his agent or attorney, should be on the knowledge of affiant as to the truth of the facts to which affidavit is made, and must constitute such a positive statement of knowledge of the facts as would constitute a proper basis for the charge of perjury if such facts were found to be untrue.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. § 16; Dec. Dig. ☞3.]

2. PLEADING ☞301(1)—VERIFICATION—SUFFICIENCY OF AFFIDAVITS.

If from the petition itself the allegations stated to be made on the personal knowledge of affiant can be separated from those made on information and belief, and such allegations made on personal knowledge are sufficient in themselves to entitle plaintiff to the relief prayed for, the verification of an entire petition would no be subject to general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 314, 318, 892, 896–897; Dec. Dig. ☞301(1).]

3. CORPORATIONS ☞557(2)—RECEIVERS—APPLICATION FOR APPOINTMENT—SUFFICIENCY OF ALLEGATIONS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, § 3, providing that receivers may be appointed where a corporation is insolvent or in immediate danger of insolvency, a petition alleging that defendant company was indebted to plaintiff company in current account for labor, material, and rentals to the approximate amount of $15,000, that defendant was insolvent and was indebted for bonds secured by liens on its property which it was unable to pay, that it was unable to pay the interest on its bonds, $85,000 of which were held by plaintiff, with a prayer for the appointment of a receiver of defendant's property to pay its indebtedness, as amended by allegations that defendant's manager was incompetent and under the domination of defendant's principal stockholder, residing outside the jurisdiction of the state courts, that his management would result in a depreciation of defendant's property and the impairment of plaintiff's security for its indebtedness and in the misapplication of its operating revenues, made on the verification of plaintiff's attorney to the effect that they were true as alleged, was sufficient to

justify the appointment of a temporary or preliminary receiver.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2228; Dec. Dig. ☞557(2).]

4. CORPORATIONS ☞554 — RECEIVERS — GROUNDS FOR APPOINTMENT—INDEBTEDNESS —JUDGMENT FOR LIEN.

It is not necessary, to constitute grounds for the appointment of a receiver of a corporation, to show that the petitioner's claim has been merged in a judgment or that it has an express lien on the corporate property, as the statutory provision is an extension or enlargement of the equity rule with reference to the subject-matter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2220; Dec. Dig. ☞554.]

5. EVIDENCE ☞43(2)—JUDICIAL NOTICE—APPEAL.

It was the duty of the district judge to take judicial cognizance of the fact that his order appointing a temporary receiver had been appealed from, and it was the duty of the Court of Civil Appeals to take judicial cognizance of its own records in such appeal.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 63; Dec. Dig. ☞43(2); Appeal and Error, Cent. Dig. § 2959.]

6. APPEAL AND ERROR ☞396—NOTICE—INTERLOCUTORY ORDER.

No notice is necessary on appeal from an interlocutory order appointing a receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102, 2104, 2150; Dec. Dig. ☞396.]

7. APPEAL AND ERROR ☞489 — INTERLOCUTORY ORDER—SUPERSEDEAS BOND—EFFECT.

An appeal under a supersedeas bond from an interlocutory order appointing a receiver stays all further proceedings in the trial court and suspends the functions of the receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2279; Dec. Dig. ☞489.]

8. APPEAL AND ERROR ☞489 — INTERLOCUTORY ORDER—BOND—EFFECT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2079, providing that the proceedings in other respects in the court below shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court, an appeal on an ordinary appeal bond, covering probable costs of the appeal, taken from an interlocutory order appointing a receiver, did not stay the proceedings in the trial court, so that the receivership might be continued there.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2279; Dec. Dig. ☞489.]

9. PLEADING ☞312 — EXHIBITS — EFFECT — CONFLICT.

An amended petition for the appointment of a receiver having a deed of trust attached as an exhibit and made a part thereof, made the terms of such instrument conclusive against contrary allegations contained in the body of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 943, 946, 948; Dec. Dig. ☞312.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Proceeding by the Southwestern Telegraph & Telephone Company against the Abilene Independent Telephone & Telegraph Company for the appointment of a receiver of defendant's property to pay its indebtedness. From an interlocutory order appointing a temporary receiver, and from an order con-

tinuing the appointment, the defendant appeals. Judgments and orders affirmed.

Ben L. Cox, of Abilene, and Theodore Mack, of Ft. Worth, for appellant. A. P. Wozencraft and Frank Wozencraft, both of Dallas, H. A. Tillett, of Abilene, and W. S. Bramlett, of Dallas, for appellee.

BUCK, J. On January 5, 1916, the Southwestern Telegraph & Telephone Company presented to the judge of the Forty-Second judicial district at Abilene, Taylor county, in chambers and during vacation, its petition alleging that the Abilene Independent Telephone & Telegraph Company was indebted to the plaintiff "in current account for labor, material, and rentals to the extent of approximately $15,000; that said defendant is insolvent and is unable to meet the said current indebtedness; that said defendant is indebted for bonds issued which are secured by liens on its property to the extent of more than $100,000, and that said defendant is not able to pay said bonds, and that said defendant is unable to pay the interest on its said bonds, and that the plaintiff holds and owns $85,000 of said bonds." Plaintiff prayed for the appointment of a receiver to take charge of the property of defendant, and to proceed to pay said indebtedness, "which is due, demanded and unpaid." Further recitations and allegations in the petition will be hereafter noted and discussed, but the foregoing is sufficient for the present purposes.

Upon the presentation of the petition to the judge of said court, the following fiat was indorsed thereon:

"Abilene, Texas, January 5th, 1916.

"In Chambers.

"The above and foregoing petition having been this day presented to me and duly considered, it is the opinion of the court that said defendant should be granted a hearing hereon, but because of the allegations showing a necessity for the immediate appointment of a receiver, and to protect to creditors the property and assets of said defendant from any possible waste or removal or disposition, it is further the opinion of the court that a temporary receiver should be appointed, to take charge of said business until said defendant can be given a proper hearing. It is therefore ordered by the court that the said matters alleged in this petition are set down for, and said defendants is hereby granted a hearing on same, before me at my office in the courthouse, in the city of Abilene, Taylor county, Texas, on the 24th day of January, A. D. 1916, at 10 o'clock a. m. at which time said defendant is given an opportunity to show cause, if any it has, why such receivership should not be continued, and at which time, said plaintiff is expected to show cause why such receivership should be continued. It is further ordered that at the time this petition is filed, that the plaintiff shall at the same time file with the clerk of the district court of Taylor county, Texas, its good and sufficient bond in the terms of the law, payable to the said defendant, in the sum of $2,000, conditioned as provided for by law, and to be approved by said clerk; it is further ordered that C. A. Boulte, who is known to the court to be an experienced man in the general telephone business, and who resides in

Abilene, Texas, and is familiar with the business of said defendant, be, and he is hereby appointed by the court as temporary receiver herein, and upon his taking the oath prescribed by law as such receiver, and his entering into and filing with said clerk a good and sufficient bond in the sum of ten thousand dollars, payable and conditioned as provided by law, he shall be authorized to take into his possession, and the officers and employés now in charge of said business and property of said defendant are hereby directed to turn over to said temporary receiver herein, all of the property, paper, books, fixtures and appliances, money and business belonging to said defendant, taking from the said receiver at such time an itemized receipt for all of the same, which receipt is to be given by said temporary receiver at the time he takes charge of such business, and such said receiver shall proceed to keep in his custody, care for, and carry on said business for the best interest of all concerned, as the law requires. Witness my hand this Jan. 5th, 1916,

"[Signed] Thomas L. Blanton,
"Judge 42d Judicial District of Texas."

On the day of the order above set out C. A. Boulte, appointed as receiver, qualified by taking the oath prescribed by law and filing his bond in the sum of $10,000, and the plaintiff filed its bond for costs in the sum of $2,000, as prescribed by said order.

From this interlocutory order the defendant appealed, and the transcript was filed in this court January 8, 1916, and was given the docket number of 8443. On appellant's motion to advance, the case was set for hearing February 11, 1916. Appellant filed application for supersedeas bond, motion for writ of prohibition, and appellee filed motion for leave to file supplemental transcript and to dismiss appellant's motion for writ of prohibition, etc. All of these motions were passed to be considered with the main case.

On January 24th, the day set by the judge in his fiat for a further hearing on and a consideration of the matter alleged in the original petition, plaintiff, by its attorneys, appeared, and it appears that defendant's attorney was also present, but insisting that the court did not have authority to make any further orders with reference to the receiver appointed because of the appeal taken, declined to appear for or on behalf of his client, or to do anything that could be held as a consent to, or waiver of, the court's entertaining jurisdiction to make any further orders as to the receivership.

The order of the court thereupon entered was as follows:

"Be it remembered that on the 5th day of January, 1916, the court entered the following order in this cause, to wit: [Here is inserted the order entered January 5th, 1916.] And it appearing to the court from the statement of Hon. Ben L. Cox, who is an attorney for the defendant, that he had actual notice of the above order setting this case down for hearing for January 24th, 1916, on the very day that such order was made, and the court having at this time met in chambers at the place designated in said order on this the 24th day of January, 1916, for such hearing, at which time appeared the plaintiff by its attorneys, and the temporary receiver heretofore appointed by the court, and also there appeared the said Hon. Ben L. Cox, who in open court stated that he did not appear for the defendant

because he claims the defendant has not been served with the order hereinbefore copied herein, and stated that he did not want any hearing, but in this connection, however, he stated that whatever he had stated or would state at this meeting and upon this occasion was only as amicus curiæ and not as an attorney for any party litigant; whereupon the plaintiff asked for a hearing and asked permission to file an amended application for a receivership and further asked that in this connection the court consider a certain inventory and auditor's report and receiver's report as a ground for such receivership, and it is the opinion of the court that the plaintiff herein is entitled to a temporary receivership, and upon said plaintiff's first amended original petition which the court permits the plaintiff to file herein, and also permits the plaintiff to file the said inventory and reports of auditor and receiver, it is therefore ordered that upon the plaintiff filing with the clerk of this court its good and sufficient bond in the terms of the law, payable to the said defendant, in the sum of $2,000.00 conditioned as provided for by law, and to be approved by the said clerk, that this temporary receivership shall be continued, and it is further ordered by the court that the said C. A. Boulte, who is known to the court to be an experienced man in the general telephone business and who resides in Abilene, Texas, and is familiar with the business of said defendant, be, and he is, hereby appointed by the court as temporary receiver herein, and upon his taking the oath prescribed by law as such receiver, and his entering into and filing with said clerk a good and sufficient bond in the sum of ten thousand dollars, payable and conditioned as provided for by law, he shall be authorized to continue in possession of the business and property of said defendant and he shall account to this court for all of the money, papers, books, fixtures, appliances, accounts, money and business belonging to the said defendant, and such temporary receiver shall proceed to keep in his custody, care for, and carry on said business for the best interest of all concerned, as the law requires, and it is further ordered by the court that the bond heretofore entered into and executed by the plaintiff herein and payable to the said defendant shall in no wise be abrogated or set aside in any way, but that the same shall remain and is a valid and subsisting obligation, to protect the defendant concerning all rights with relation to all acts heretofore made by the plaintiff; and it is further ordered by the court that the bond heretofore entered into by the temporary receiver shall in no wise be abrogated, but shall remain in full force and effect as a binding and subsisting obligation in all things to protect the rights of the said defendant.

"It appearing to the court that the defendant is entitled to a hearing in this matter at any time it requests such hearing, it is ordered by the court that at any time application is made to the court by any party aggrieved, it will give such hearing and set same down at a date five days subsequent to such application in order to give adverse parties such notice, and it appearing to the court that the amount of the plaintiff's claim herein is approximately $103,000.00, the court here and now fixes the amount of the supersedeas which may be given in this case in the sum of $120,000.00, same to be conditioned as provided for by law, and when filed to be approved by the clerk; such supersedeas to conform to requirements embraced in articles 2101, 2102, of the Revised Civil Statutes of 1911."

Plaintiff and the receiver filed with the clerk of the court their bonds in like amount and to the same effect as the bonds filed on January 5th, and the receiver qualified by taking the oath prescribed by law.

From this order the defendant appealed, as

before, and lodged transcript in this court on the 19th day of February, 1916, and the case was given the docket number of 8484. Because the two appeals arise out of the same cause of action and involve, of course, many questions in common we will treat them together and dispose of them in one judgment and in the same opinion.

The first question presented in the consideration of these appeals is, Was the first petition presented to the court in chambers on January 5, 1916, sufficient, as to allegations and verification, to be good as against a general demurrer, and, hence, to justify the appointment, on an ex parte hearing, of a receiver? We will first take up the question of the verification. The petition is divided into two parts, one of which is sworn to by E. D. Nims, styled "first vice president." At the close of the petition as a whole appears a verification by Frank Wozencraft, one of the attorneys for the plaintiff company. Said verification is in form as follows:

"I, Frank Wozencraft, on my oath do state that I am one of the attorneys for plaintiff and authorized to make this affidavit. That the above and foregoing allegations of fact are true as alleged, and those alleged on information and belief I believe them to be true."

[1] Under the general rule, where affidavits are required in the course of pleadings or for the obtaining of writs or special process, such affidavits may be made by the party seeking such relief himself, or by his agent or attorney, but if made by either it should be made on the knowledge of affiant as to the truth of the facts to which affidavit is made. The affidavit must constitute such a positive statement of knowledge of the facts as would constitute a proper basis for the charge of perjury, if such facts were found to be untrue. 2 Cyc. p. 8, § 4, says:

"As a general rule, an affidavit by one person in behalf of another must be made from facts within the personal knowledge of affiant, independent of mere hearsay of the parties or others; and an affidavit so drawn as to raise the inference that it was made on hearsay is insufficient."

In Graham v. McCarty, 69 Tex. 324, 7 S. W. 342, it was held that an affidavit, to the effect that the facts set forth in a plea to the jurisdiction are true to the best of affiant's knowledge and belief, was insufficient. See, also, Railway Co. v. Pietzsch, 10 Tex. Civ. App. 574, 30 S. W. 1083; Forest Oil Co. v. Wilson, 178 S. W. 626, and authorities therein cited. In speaking of the verification of applications for receivers, High on Receivers (3d Ed.) § 89, says:

"Affidavits upon which the application is based should be distinct and precise in their allegations, especially where fraud is one of the grounds relied upon for the interference of the court. And where a receiver is sought of the affairs of a corporation, mere general allegations, in the affidavit supporting the motion, as to the belief of affiant that great frauds had been committed against the corporation, will not justify the relief, when it is not stated by whom the frauds have been committed, or in what they consist."

And further quoting from section 88, Id.:

"But it is not sufficient in the application for a receiver to allege merely the legal conclusions upon which plaintiff relies and the facts must be averred upon which such conclusions are predicated."

In the case of Henderson v. Reynolds, 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977, the authorities bearing on this point from the different states are collected and collated, and the Supreme Court of Indiana holds in the cited case that verification "to the best of his knowledge and belief" is not sufficient to entitle the complaint to any weight upon an ex parte application for the appointment of a receiver. In Siegmund v. Ascher, 37 Ill. App. 122, it was held that the affidavit to the effect "he has read said complaint, and knows the contents thereof, and that the same is true on his own knowledge, except as to the matters stated on information and belief, and as to these he believes it to be true," was bad. In this case the court says:

"We have decided that this form of oath makes the whole answer on information and belief, as there is no way of distinguishing between the matters so stated and those of which the complainant has knowledge."

[2] But we believe the proper and more reasonable rule to be, that if from the petition itself the allegations stated to be made on the personal knowledge of the affiant can be separated from those made on information and belief, and such allegations made on personal knowledge are sufficient in themselves to entitle the plaintiff to the relief prayed for, that the form of the verification made in the instant case would not be subject to general demurrer and, therefore, would be in this case sufficient to sustain the action of the court. We are not advised as to the form in which the allegations were made in the Illinois case cited, or as to whether in that case the allegations made on personal knowledge could have been separated from those made on information and belief and, therefore, whether in holding as we do we are in conflict with the enunciation made by the Illinois court, and by other courts cited in the case of Henderson v. Reynolds, supra. The verification of the petition made by Wozencraft, attorney, goes to and includes the allegations within the entire petition, both that part preceding and that part succeeding the affidavit of E. D. Nims, and, therefore, if the allegations in the petition as a whole which are stated on the personal knowledge of the affiant are found to be sufficient to sustain the application for receiver, it becomes immaterial whether, as urged by appellant, the failure to more particularly describe said Nims and designate the capacity in which he acted in making the affidavit, would make the affidavit of Nims subject to general demurrer.

Article 11, p. 6, Vernon's Sayles' Texas Civil Statutes, provides:

"Whenever, at the commencement, or during the progress, of any civil suit or judicial pro-

ceeding, it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party, or his agent, or attorney."

And it has been held in Cherryhomes v. Carter, 66 Tex. 166, 18 S. W. 443, that when an affidavit is made in the course of a judicial proceeding by some person in behalf of another, his authority should be made to appear from the record. If the designation of E. D. Nims as "first vice president" is not sufficient to show that he was first vice president of the plaintiff corporation and, therefore, its agent, and one under the statute authorized to make affidavit in behalf of the corporation, as claimed by appellant, which proposition we do not decide, yet since, as before stated, the verification of the attorney goes to the whole petition, we are not called upon to decide as to the sufficiency of the verification made by Nims.

[3] In addition to the allegations in the first petition heretofore set out, the following averments were made showing the grounds for receiver, to wit:

"That the aforesaid Gus H. Klotz the manager of said defendant company is not an expert telephone man, nor skilled in the direction and superintendency and management of a telephone plant such as is in operation in said city of Abilene and its adjoining territory, and that he is a brother of Lyman F. Klotz, the principal stockholder in defendant company, a nonresident of the state of Texas, and under his complete domination and control. That said defendant company is now seeking and attempting to have certified and sold additional of its bonds, for the purpose of obtaining funds with which to pay a large amount of unsecured indebtedness claimed by the said Lyman E. Klotz to be due him, and litigation between plaintiff company and defendant company relating thereto is now pending in the state of Missouri."

It is further recited that:

"Plaintiff alleges that it has good reason to believe and does believe that unless prompt and speedy action be taken and a receiver be appointed forthwith that the assets and property and papers of said defendant company will be by the management thereof, and those in whose keeping and custody said property is, wasted, and removed and secreted and placed beyond the reach and jurisdiction of this court, and great danger exists that such will be done. * * * That were the present management further continued the plant is in great danger of further depreciation in value and rendered less efficient, and the current revenues and receipts used for the payment of defendant company's indebtedness to Lyman E. Klotz, instead of to the upkeep and the successful operation and management of its plant, thereby lessening defendant's assets, and plaintiff's security, which can be avoided only by the immediate appointment of a receiver."

We have reached the conclusion that the petition contains averments made on the personal knowledge of the affiant of facts sufficient to justify the first appointment of the receiver. It alleges, in effect, an indebtedness to plaintiff on the part of defendant for labor, material, and rentals in the amount of $15,000; that defendant is insolvent and is unable to meet said current indebtedness; it alleges the further indebtedness to plaintiff on the part of defendant for bonds issued which are secured by liens on defendant's property to the extent of more than $100,000; that defendant is unable to pay said bonds, or the interest thereon, and that plaintiff holds and owns $85,000 of said bonds; that Gus H. Klotz, the manager of defendant company, is incompetent to perform the duties of such position, and that he is under the control and domination of Lyman E. Klotz, the principal stockholder in defendant company and beyond the jurisdiction of the state courts, and that if said Gus H. Klotz be permitted to continue in the course he has heretofore followed that his management will result in the depreciation of defendant company's properties in Abilene, and not only the impairment of plaintiff's security for the collection of its bonded indebtedness and interest thereon, but such continuance in the management will result in the disabling of the defendant company, so that it will not continue as a going concern, and that such management would result in misapplication and dissipation of the revenues derived from the operation of the plant. While insolvency of a corporation in equity is no ground for the appointment of a receiver, yet by article 2128, § 3, Vernon's Sayles' Texas Civil Statutes, it is provided that receivers may be appointed "in cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." Galvin v. McConnell, 53 Tex. Civ. App. 486, 117 S. W. 211.

[4] Nor is it necessary, to constitute grounds for the appointment of a receiver of a corporation, to show that the plaintiff's claim has been merged in a judgment, or that it has an express lien on the corporate property, the statutory provision having been held to be an extension or enlargement of the equity rule with reference to this matter. S. A. & G. S. Ry. v. Davis, 30 S. W. 693. In this case, on motion for rehearing, the Court of Appeals for the Fourth district says:

"Appellees question the ruling held in our opinion that it was not essential for the granting of the receiver that the claim of the creditor should have become a judgment or in the form of an express lien, and insist that the case cited by this court does not support the rule. The opinion in that case, in an answer to a certified question (Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 86 Tex. 156, 24 S. W. 16 [22 L. R. A. 802]), discussing the statute (Sayles' Civil Statutes, art. 1461) states: 'Without considering whether they may be implied limitations to this statutory rule, it illustrates the fact that in this state mere insolvency of a corporation has been made a ground for the appointment of a receiver, doubtless for the purpose of enforcing claims against the corporate property in behalf of creditors, which could not be thus enforced without recognition of the fact that the property is, at least in a limited sense, a trust fund to which creditors have the right to resort.' The cases relied on by appellant (Carter v. Hightower, 79 Tex. 137, 15 S. W. 223, and others) did not relate to corporations, and have no bearing on the third clause of said article in question. We entertain no doubt concerning the intention of the Legislature to cre-

ate a rule respecting receiverships of corporations different from that to be applied in respect to individuals, or in ordinary cases."

In Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 124, Chief Justice Pleasants of the Court of Civil Appeals for the First district, after referring to the provisions in the article above mentioned (now 2128) says:

"Section 4 of this article of the statute is not a limitation upon the right given in the preceding sections, but an extension of such remedy to all cases in which the remedy was allowed under the rules and usages of courts of equity; and, when the facts in a particular case justify the appointment of a receiver under sections 1, 2, or 3 of this article, the right to receivership is a legal right, and is not dependent upon the general rules of practice in courts of equity. Summer v. Crawford, 91 Tex. 130, 41 S. W. 994."

See, also, Houston Cemetery Co. v. Drew, 13 Tex. Civ. App. 536, 36 S. W. 803; Childress v. State Trust Co., 32 S. W. 330; Cotton et al. v. Rand et al., 92 S. W. 266.

In Ripy et al. v. Redwater Lumber Co., 48 Tex. Civ. App. 311, 106 S. W. 474, in an opinion by Chief Justice Rainey, of the Court of Civil Appeals for the Dallas district, it was held that where the petition for the appointment of a receiver of a manufacturing corporation alleged that substantially all of its property was either mortgaged or pledged to creditors who threatened foreclosure, and that there was a large unsecured debt, that judgments had been recovered against it on which execution sales were threatened, that taxes on its property were in default, and containing other allegations tending to show great danger of insolvency, though it was admitted in the petition that the full value of the assets, if realized, would cover all liabilities, the appointment of receivers was justified.

From what we have said above it follows that the judgment and order of the court of date January 5, 1916, must be affirmed, and, having affirmed the trial court's judgment, that appellant's motion, No. 7919, and application for supersedeas bond, and its motion, No. 7935, for writ of prohibition, be refused, and the costs, both in the trial court and in this court, of all proceedings relating thereto, must be taxed against appellant.

We now come to the consideration of cause No. 8484 on our trial docket, it being the appeal from the trial court's order of January 24th.

In its first amended petition, filed under leave of the court January 24th, plaintiff alleged the indebtedness on current account set out in its original petition, though the amount in the amended petition was placed at $14,592.66, an itemized statement of which was attached to the petition as an exhibit. It was further alleged that the defendant was in default in the payment of the interest due and maturing on the bonds of the face value of $85,000, and held by plaintiff, in the sum of $2,550, said interest being due on November 1, 1915, and after enlarging some-

what on its allegations as to the insolvency and eminent danger of insolvency of the defendant company, and the mismanagement of its superintendent and manager, Gus H. Klotz, and the misuse and misapplication by him of the revenues derived from the conduct of the defendant company's business at Abilene, and after further allegations of the failure of said defendant company to perform the agreements, stipulations, and covenants contained in a mortgage given by the defendant company and secured by a deed of trust executed by it, in which deed of trust the Mississippi Valley Trust Company was made trustee, and after alleging the failure of defendant company to set apart in cash a sum equal to 5 per cent. of its gross income from telephone rentals, etc., for the redemption and retiring of the bonds, for the securing of which the deed of trust had been given, and as provided in said deed of trust, said petition recites the appointment of the receiver, of date January 5, 1916, and the qualification of said receiver under said appointment, and recites the setting of the hearing for January 24, 1916, for the purpose of determining whether or not said receiver should be continued, and concludes by a prayer that on the hearing of said amended petition "said receiver be continued as provided by law under the further orders of this court, and that the said C. A. Boulte be continued as such receiver, or such other person as the court may deem proper, and that on final hearing hereof plaintiff have judgment against the defendant for its respective debts, the principal and interest, and that the receiver herein be directed to discharge and satisfy the same, that the said bonds of the plaintiff be established, and declared a lien against said property of the defendant, that said mortgage be foreclosed, and that plaintiff have such other and further relief in law and in equity as it may be entitled to in the premises." This petition was verified by Frank Wozencraft, attorney, and no complaint is made as to the form of verification.

[5, 6] It is contended by appellant that the order of January 5, 1916, did not become functus officio on January 24, 1916, for the reason that it was the purpose and intent of the district judge that the receivership of January 5th should continue unless appellant should file its motion to dissolve, and said motion should be granted. It is further contended by appellant that it was the duty of the district judge to take judicial cognizance of the fact that the order of January 5th had been appealed from, and that it is the duty of this court to take judicial cognizance of its own record in said appeal. The last two propositions we think are sound. State of Texas v. Savage, 105 Tex. 467, 151 S. W. 530. No notice is necessary on appeal from an interlocutory order appointing a receiver. Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509.

[7, 8] In Carter v. Carter, 40 S. W. 1030, it was held that an appeal under a supersedeas bond from an interlocutory order appointing a receiver stays all further proceedings in the trial court and suspends the functions of the receiver. This authority is cited with approval in Cemetery Association v. Cemetery Co., 24 Tex. Civ. App. 668, 60 S. W. 679, writ of error in 94 Tex. 710, no opinion. See, also, Waters-Pierce Oil Co. v. State (Sup.) 106 S. W. 326. In all three of these cases a supersedeas bond was filed in the court below, but in the instant case the appeal comes up on an ordinary appeal bond, covering probable cost of appeal. We are cited to no authority, and have found none, holding that an appeal from an interlocutory · order such as this, and in the absence of a supersedeas bond, stays the proceedings in the court below. The statute, part of article 2079, Vernon's Sayles' Texas Civil Statutes says:

"But the proceedings in other respects in the court below shall not be stayed during the pendency of the appeal unless otherwise ordered by the appellate court."

Hence, we conclude that the proceedings in the trial court were not stayed by reason of the appeal herein, and that, if the order of January 5, 1916, did not expire by virtue of its own terms on January 24th as contended by appellant, and did not become functus officio, then the district court had authority on January 24th to permit the filing of an amended petition, and to continue the receivership, under the same or additional bond, as he might see fit. Hence, we conclude that the order and judgment of January 24th, in so far as it purports to continue the receivership theretofore granted, must be affirmed.

It might be well to state that our judgment as to the sufficiency of the allegations in the petitions, original and amended, does not include in its holdings the proposition that plaintiff in either petition showed a present right of recovery on the bonds, principal and interest. Certainly in the original petition no such right is shown, nor do we understand that it was the purpose of the pleader to declare on such bonded indebtedness as a part of its cause of action. The allegations therein contained with reference to said bonds, and the inability·of the defendant company to pay either the principal thereof or the interest thereon, were understood by us and evidently intended· by the pleader as mere averments of facts tending to show present or impending insolvency of defendant company.

[9] In the amended petition plaintiff attached said deed of trust as an exhibit to its petition, and made it a part thereof, and therefore the terms of said instrument must be held as conclusive against contrary allegations contained in the body of the petition. H. & B. V. Ry. Co. v. Hughes, 182 S. W. 23 (not yet officially published); Freiberg v. Ma-

gale, 70 Tex. 116, 7 S. W. 684; Beham v. Ghio, 75 Tex. 87, 12 S. W. 996; Lester v. Insurance Co., 84 Tex. 90, 19 S. W. 356.

It appears from an examination of the terms of the deed of trust, that in case of the default of the mortgagor, either as to the payment of interest or principal, or the failure to perform other covenants therein contained, a breach of which would mature the entire debt, the holder or holders of any bonds or coupons issued thereunder shall have no right to institute any proceedings for the collection of money evidenced thereby, or for the foreclosure of the indenture, or the execution of the trust thereof, or for the appointment of receiver, or for any other remedy under this indenture, or otherwise, without first giving notice in writing to the trustee of default having been made and continued as aforesaid, and by such notice request the trustee to so proceed to enforce the lien therein created, etc. There is no allegation in the petition that the trustee had been requested to file suit, or that, having been requested, he had failed to do so, and therefore we conclude that as to the bonds and interest the suit is brought prematurely. But as we have concluded that the petitions contain allegations with reference to the current indebtedness sufficient to justify the appointment of a receiver, in so far as these appeals are concerned, it becomes immaterial that plaintiff included in its amended petition as a part of its cause of action the declaration on the bonded indebtedness, but the trial court in the further proceedings will be governed by the opinion hereinabove expressed.

The judgments of the trial court are hereby affirmed.