GRAND LODGE, A. O. U. W., v. SCHWARTZ.
(No. 5938.)

(Court of Civil Appeals of Texas. Austin. July 1, 1918.)

1. INSURANCE &#8734;722—MUTUAL BENEFIT INSURANCE—ILLITERACY OF MEMBER.

Insurance certificate of member of fraternal association, being a written contract between him and association, fact he could not read or write is no excuse for his not knowing terms thereof, not having been prevented from having same read to him by any fraud or device of association.

2. INSURANCE &#8734;718—MUTUAL BENEFIT INSURANCE—BY-LAWS AS PART OF CONTRACT—STATUTE.

It was not necessary that fraternal insurance association's prohibition against a member's engaging in saloon business should be stated in either member's application or certificate, being stated in by-laws of association, which, by Rev. St. art. 4834, were part of contract of insurance.

3. TRIAL &#8734;396(2) — FINDING — SUPPORT BY PLEADINGS.

Trial court's finding of fact, not supported by any allegation in pleadings of either party, cannot be considered.

4. PLEADING &#8734;387—EVIDENCE—SUPPORT BY PLEADINGS.

Evidence which finds no support in pleadings cannot be considered.

5. LIMITATION OF ACTIONS &#8734;96(1)—SUSPENSION OF STATUTE—MISTAKE OF FACT.

That member of fraternal insurance association did not know his contract prohibited his engaging in saloon business was not mistake of fact suspending operation of statute of limitations against his cause of action to recover premium payments.

6. INSURANCE &#8734;743—MUTUAL BENEFIT INSURANCE — CANCELLATION — RECOVERY OF PREMIUMS.

A fraternal insurance association's certificate held by a member having been automatically canceled on the date when that member engaged in the saloon business, there was no consideration for his premium payments made thereafter, and he was entitled to recover them, except those barred by limitations.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by Ed. Schwartz against the Grand Lodge of the Ancient Order of United Workmen. From judgment for plaintiff, defendant appeals. Reformed and affirmed.

W. L. Eason, of Waco, for appellant. Williams & Williams, of Waco, for appellee.

### Findings of Fact.

RICE, J. Appellant is a fraternal insurance organization, of which appellee became a member in January, 1901. He paid all of

his monthly assessments to December 1, 1913. His December payment was tendered, but was refused, on the ground th'at his policy had become void by reason of his having become engaged in the retail liquor business. Appellee brought this suit to recover all payments made by him, with legal interest thereon, alleging as a ground for such recovery that his certificate of insurance had been wrongfully canceled by appellant. Appellant in answer to this allegation alleged that appellee engaged in the retail liquor business on or about August, 1904, by reason of which his policy became void under the by-laws of said association, and that he was thereby automatically suspended from membership in said association. Appellant also pleaded the two-year statute of limitation as to all payments made by appellee more than two years before the filing of this suit. Appellee recovered judgment for the full amount sued for. The case was tried before the court without a jury. There is no statement of facts in the record; but the court filed its findings of fact and conclusions of law, as follows:

"On the ——— day of December, A. D. 1901, Ed. Schwartz, the plaintiff herein, made an application to the Grand Lodge of Ancient Order of Workmen of Texas, for membership in this order, which order was a mutual benefit society. The application was accepted by the Grand Lodge of Ancient Order of United Workmen on January 17, 1902, and the plaintiff was duly elected a workman member of the branch lodge of such order, being lodge No. 24, located at Waco, Tex. A benefit certificate was thereupon issued by the Grand Lodge of Ancient Order of United Workmen to the plaintiff, payable to Bessie Schwartz, the wife of this plaintiff, upon his death, for $1,000. The plaintiff paid his premiums regularly when due, which premiums were $1.25 per month from January 1, 1902, until January 1, 1907, and $1.55 per month from the latter date until December 1, 1913. The plaintiff was duly accepted as a member of the defendant order during all of this time. His premiums, which were paid on December 1, 1913, for the month of December of that year, was returned to him with the information that his policy had been canceled, because of the fact that he was in the saloon business, which business was prohibited by the by-laws of the defendant order, but which fact was not known to the plaintiff, nor which fact could be discovered by the plaintiff by reasonable diligence, because he could neither read nor write, nor was this prohibition stated in the application or certificate. Upon being informed that his policy had been canceled the plaintiff demanded his monthly premiums which he had paid to the defendant order, but which demand was refused.

"The court further finds that at the time that Ed. Schwartz made application for membership in the Grand Lodge of Ancient Order of United Workmen of Texas he was in the combined business of retail liquor dealer and groceryman; that his application was solicited by one Rosenfield, who was a member of the defendant order at Waco, Tex., while the plaintiff was in his business; that said Rosenfield knew this plaintiff was in the saloon business, and that he took a drink of liquor while in the saloon. Schwartz was unable to read or write the English language, and his application was written by Rosenfield on an application blank provided by the defendant order, and upon which blank Rosenfield stated that the plaintiff's occupation was that of groceryman. The court

finds that the plaintiff was guilty of no actual fraud in securing membership in the defendant order, and that he did not know at the time of his application, or at any subsequent time until his benefit certificate was canceled on December 1, 1913, that the occupation of liquor dealer was prohibited by the Grand Lodge of Ancient Order of United Workmen of Texas, though this business remained his occupation during all the time in which he was a member of the defendant order. Neither did the Grand Lodge of Ancient Order of United Workmen know that Ed. Schwartz was engaged in the liquor business, though that fact was known by officers and members of the branch lodge at Waco.

"(2) The court finds as a conclusion of law that the life policy or benefit certificate issued by the Grand Lodge of Ancient Order of United Workmen upon the life of Ed. Schwartz was void ab initio; that Ed. Schwartz was guilty of no actual fraud in procuring such benefit certificate; that such life policy was issued to this plaintiff, being void ab initio, and, there being no fraud on the part of the assured in obtaining such life policy, said assured is entitled to recover from the mutual benefit society issuing same all premiums which he paid to the defendant, with interest from the date of the shipment.

"That the premiums paid by Ed. Schwartz, the assured, to the Grand Lodge of Ancient Order of United Workmen of Texas, were paid under a mistake of fact, without any consideration, and, being so paid by the assured, limitation against the recovery of the same does not begin to run until the mistake is discovered. In this case the fact that his policy was void was not discovered by this plaintiff until December 1, 1913, nor could it have been discovered before by exercise of reasonable diligence, and hence litigation did not begin to run against his action for the recovery of premiums until that date. This suit was filed on the ——— day of ———, 1914.

"The court finds that the statute of limitation does not bar this action, and that the plaintiff is entitled to recover of and from the defendant all money paid by the plaintiff to the defendant as premiums, with interest thereon from the date of each payment, the same amounting to $331.-73."

### Opinion.

It appears from said findings of fact that engaging in the saloon business was prohibited by the by-laws of the association. The court finds that this fact was not known to appellee, and that he could not have discovered said fact:

[1] (a) Because he could not read or write. His insurance certificate was a written contract between appellee and the association. The fact that he could not read or write is no excuse for his not knowing the terms thereof; it not appearing that he was prevented from having the same read to him by any fraud or device of appellant.

[2] (b) Because the prohibition against engaging in the saloon business was not stated in appellee's application for membership, nor in his insurance certificate. It was not necessary that such prohibition should be stated in either the application or certificate. It was stated in the by-laws, and the by-laws are a part of the contract by force of the statute. R. S. art. 4834. We presume that this certificate issued to appellee provided that the by-laws formed a part of the contract of insurance. The trial court evidently so

found, as it states in its conclusions of law that appellee's certificate was void ab initio, by reason of the fact that he was engaged in the saloon business when said certificate was issued. The court found that appellee was engaged in the liquor business at the time he made his application for membership, and that he continued in said business up to the time that his payment was refused.

[3, 4] Appellant alleged that appellee was engaged in such business from August, 1904, to December, 1913. The court's findings of fact sustain, this allegation. The further finding of fact that appellee was engaged in such business at the time he made application for membership cannot be considered, for the reason that there is no such allegation in the pleadings of either party, and no allegation that he became engaged in such business prior to August, 1904. Evidence which finds no support in the pleadings cannot be considered. Galvin v. McConnell, 53 Tex. Civ. App. 486, 117 S. W. 211; Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597; Bank v. Grain Co., 187 S. W. 489; Bank v. Harris, 194 S. W. 961.

[5] The trial court disallowed the plea of the statute of limitation, upon the ground that appellee's payments were made under a mistake of fact, which was not discovered by him until his payment was refused December 1, 1913. That he did not know what contract he had made does not suspend the statute of limitation. The fact which rendered his insurance certificate void was that he engaged in the saloon business. Of course, the court does mean that he did not discover this fact until December, 1913.

[6] Appellee's certificate of insurance having been automatically canceled August 1, 1904, there was no consideration for the payments made thereafter, and appellee was entitled to recover same, except so much thereof as were barred by limitation. The amount which was not barred by limitation was $32.55, with interest thereon to the date of the trial, $7.43, or a total of $39.98; and the judgment of the trial court will be reformed so that appellee recover that amount, with legal interest from November 20, 1916, and no more.

Reformed and affirmed.