### JOHN S. WILSON v. JOHN ADAMS.

A plea stating facts to show that the suit is not commenced in the proper county, must be supported by affidavit, unless the truth thereof appears of record.

Affidavit must be made to the truth of a plea in abatement, (not to the jurisdiction of the Court,) not to the best of the knowledge and belief of the affiant, but to his actual knowledge of the facts.

Error in the admission of evidence as to one of several causes of action alleged in the petition, may be cured by a remittitur of an amount sufficient to cover that cause of action, as alleged ; the cause of action, in this case, was for a sum certain, and not for unliquidated damages.

Where the Judge has charged the jury, of his own motion, in order to reverse for error in refusing additional charges asked, it must appear that they were not already substantially given, and that they should have been given.

It seems that if an overseer contract to stay a whole year or lose the time actually served, the contract will be literally enforced.

Where suit is brought in one county and the defendant is alleged to reside in another, although it seems to be proper and perhaps necessary to allege facts which show that the defendant was not entitled to have the suit commenced in the county of his residence, yet if not successfully met by plea in abatement, it is not necessary to prove such facts, under the general issue.

Appeal from Brazos.

*A. M. Lewis*, for appellant.

*Jennings & Moore*, and *F. L. Barziza*, for appellee.

HEMPHILL, CH. J. The first assignment noticed by the appellant in argument, is the alleged error in sustaining the plaintiff's exceptions to the plea in abatement. The plantation on which the plaintiff was employed as overseer is in the county of Brazos, and in the petition it was alleged that the contract was to be performed in that county. The plea states that the defendand is a resident of the county of Harrison, and that he did not contract to pay the plaintiff in the county of Brazos. This plea was filed on the 27th April, 1854, and the defendant made oath to its truth to the best of his knowledge

and belief. The plaintiff's motion to strike out the plea on the ground that it was not supported by a sufficient affidavit, was sustained. The verdict found for plaintiff at the Spring Term, 1854, was set aside. At the second trial, at the Spring Term, 1855, the plea was refiled and exceptions to it were again sustained.

The plea on its last filing was subject not only to the original objection of the insufficiency of the oath, but also of its being too late, issues having been formed on pleas to the merits.

The plea, so far as it averred the residence of the defendant, did not require the aid of an affidavit, the fact of the residence having been alleged and admitted in the petition ; but the part as to the place of performance should have been sustained by oath, denying positively the obligation to perform his part of the contract in Brazos county. Affidavit must be made to the truth of the plea in abatement, not to the best of the knowledge and belief of the affiant, but to his actual knowledge of the facts. The form of the oath as found in Chitty, Vol. 3, p. 806, is that the " plea is true in substance and in facts." The defendant must have known whether his agreement was, either expressly or by implication, that the money was to be paid at the place where the services were to be rendered. The presumption that such was the place would be strong, and it should have been negatived in distinct and positive terms.

We are of opinion that there was no error in the ruling as to the plea.

The third assignment as to ruling out portions of the testimony of Thomas D. Wilson is not sustained by the record.

There was no error in ruling out the portion of Cox's testimony, to which exception was taken. The matter stated was but the opinion of the witness, and as such was inadmissible.

The fifth alleged error was in refusing to sustain the exception to McCandless's receipt. The authority of McCandless, as the Sheriff, to receive the money allowed by law to

defray the charges and expenses incident to the capture and keeping of the runaway slave, was not disputed. His handwriting was proven, and the act being within the scope of his authority, and under his official signature, was evidence, *prima facie*, of the matters therein contained. But if there be error in the admission of this evidence, the appellee insists, and we think with justice, that this was cured by the remittitur of a much larger sum than the amount of the account. This was not the intention of the remitter, but as the verdict was not excessive in the particular supposed by the plaintiff—the finding for the defendant of the interest which may have accrued on the amount of the verdict, by way of compensation for his damages, not being intended to be a reduction from the verdict for the plaintiff—at least such is not the import of the language employed by them—the remitter may be applied to the Sheriff's account, if in fact its admission was erroneous.

The sixth and seventh assignments are to supposed errors in the charge of the Court, and in the refusal of charges asked by defendant. The charge of the Court was quite a full exposition of the law of the case, and the instructions asked by both plaintiff and defendant were refused, the Judge assigning as a reason that he preferred his own form of charge.

The only material point in which the instructions asked by defendant were additional to those in substance given by the Court, was to the effect that if the plaintiff agreed to stay the whole year or lose the time he had served, and then abandoned the service before the end of the year, he could not recover.

If the evidence had shown that such was the contract, the instruction would have been proper. The testimony of Thomas D. Wilson when taken orally (for he appears also by deposition, unless there be two witnesses of the same name,) might give some countenance to the conclusion that the plaintiff had agreed to forfeit if he abandoned before the end of the year. According to the testimony of this witness, there were various conditions to the contract. One which was regarded of primary

importance was, that the plaintiff should not cohabit with the female slaves ; and the agreement of the plaintiff to a forfeiture of the whole amount of his wages was at least as much with reference to that condition as any other one of the contract. In fact this matter appeared to be of paramount importance between the contracting parties. There was no distinct agreement that if he abandoned before the end of the year, he should lose the whole salary. The agreement was rather that if he indulged in lewd habits, and did not take as good care of the defendant's interests as a discreet, industrious and prudent man could do, he should incur the forfeiture. This witness appears also by deposition, and in his answers there is nothing said with reference to forfeiture in case of failure to comply with any part of the contract, or of abandonment before the expiration of the year.

There was evidence that the plaintiff was often absent from the plantation, was loose in his habits, &c., and the jury were charged that if any overseer commit gross misconduct, or be guilty of gross negligence in the management of the negroes under his control, he could not recover wages for the term of his service. But there was also evidence that a good crop of corn and cotton had been made during the year, and there being no evidence that any damage had been suffered by the plantation or the slaves, animals, &c., under the control of the plaintiff, the jury deemed themselves justified in finding that he should be compensated for his services.

The plaintiff was not required to prove, as supposed by the defendant, that the contract was to be performed in Brazos county. This was alleged in the petition to give jurisdiction, and if not successfully met by plea in abatement, it could not be resisted under the general issue.

Upon the whole, although the verdict would have been more satisfactory had some tangible amount been found as damages for the defendant, suffered by the breach of the contract, yet

there appears to be no sufficient ground to reverse the judgment and it is therefore affirmed.

Judgment affirmed.