MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. J. E. PIETZSCH.

No. 1275.

1. **Affidavit—Information and Belief.**—The affidavit verifying a special plea denying notice of claim for damages (under chapter 17, Laws Twenty-second Legislature, page 20, March 4, 1891), must be positive, and not from hearsay upon information and belief.

2. **Local Station Agent.**—The affidavit of the local station agent to want of notice of claim for damages would be received in support of a plea as to failure to give notice to him, but not to matters beyond his knowledge. He is in no sense a party to the suit.

APPEAL from County Court of Bell County. Tried below before Hon. JOHN M. FURMAN.

Appellee, J. E. Pietzsch, filed his original petition in this cause on the 6th day of March, 1893, and by leave of the court filed his first amended original petition on November 9, 1893, alleging, in substance, that on or about the 26th day of October, 1891, appellee, desiring to ship about thirty-two head of mixed cattle, worth $25 per head, from Bartlett, Texas, to Amarillo, Texas, contracted with appellant's agent at Bartlett for a car for the transportation of the same, and alleging that appellant owned and operated a line of railway from Bartlett, Texas, to Fort Worth, Texas; that the Fort Worth & Denver City Railway is a connecting line between Fort Worth and Amarillo, and that appellant and this said connecting line had reciprocal traffic arrangements for the hauling of each other's freight, and were partners therein, and that said connecting line was agent of appellant in carrying out the shipping contract; that the cattle were transported to Fort Worth, where they were stopped and detained for ten or fifteen days, and finally were reshipped to Bartlett, Texas, by appellant, and there delivered to appellee's agent, who paid the sum of $30 charges thereon; that said cattle were greatly damaged by the failure of appellant to give them proper care, feed and water, and attention, and that they were badly bruised up, trampled upon, and mashed each other, and were in a poor and starving condition, and that some of them died after they were returned to the possession of appellee's agent at Bartlett, and that appellee incurred the expense of $100 for feed, care, and attention to said cattle after they were redelivered to his agent, and that appellant and its said connecting line failed to deliver said cattle at Amarillo according to contract; that said cattle were a total loss to appellee, whereby he was damaged in the sum of $720; that he expended the sum of $100 for labor and feed for said cattle, and the further sum of $30 freight charges, paid as aforesaid, amounting to the sum of $850, for which appellee prayed judgment, with interest thereon from October 10, 1891.

Appellant filed its first amended original answer, April 1894, consisting of general and special demurrers and general denial; and appellant specially pleaded, that it transported appellee's cattle to Fort Worth, Texas, the terminus of appellant's line on the route to Amarillo, and there delivered the same to its connecting line, the Fort Worth & Denver City Railway Company, which latter company absolutely and unqualifiedly refused to receive said cattle or transport the same on its line of railway, and left said stock under the control and management of appellant. That appellant immediately notified said Pietzsch of these facts, and that there was no other means of transporting the same from Fort Worth to Amarillo. That appellant was compelled at its own cost and expense to return said stock to Bartlett, and then and there ended its responsibility therefor.

Appellant further pleaded, that the contract of shipment required that plaintiff should give notice in writing of said damage to some general officer of appellant, or to the nearest station agent of appellant to the delivering station, within ninety days after said loss had been sustained, and that no such notice had been given by appellee, and this plea was supported by the affidavits of appellant's station agents at Fort Worth and Bartlett.

Appellant also denied under oath the partnership between appellant and the Fort Worth & Denver City Railway Company, and the agency of the latter.

Appellant's general and special exceptions were overruled by the court, and on exception of appellee, appellant's plea of the want of notice of the damage was stricken out, because said plea was not verified as required by law.

The case was tried on the 21st day of April, 1894, and resulted in a verdict and judgment for appellee for the sum of $150 damages, and $23.50 interest thereon. Defendant appealed. [From plaintiff's brief.]

*George W. Tyler,* for appellant.—The court erred in sustaining plaintiff's exception to that portion of the answer, wherein defendant set up as a defense the failure of plaintiff to give notice in writing of his damage or loss to some general officer, or to the nearest station agent of defendant, within ninety days after said loss or damage had been sustained, in this, the court struck out said portion of defendant's pleading, on the ground that the affidavits in support of said pleading were not sufficient under the requirements of the law, when the affidavits of J. P. Donahoo and J. T. Clements, to the effect that they were the local agents of the defendant at Bartlett and at Fort Worth, respectively, the former being the initial point of the shipment in question, and the latter being the terminal point of said shipment, so far as defendant's road transported the same, and that no notice was served upon either of them within ninety days after the alleged damage or loss to plaintiff, and that each of them was reliably informed and verily believed that no such notice had been served within said ninety days on any other officer or agent of the company, were not only in full compliance with the law and with the rules of practice, but in the very nature of things was as strong an affidavit as could have been made by any other officer or agent of defendant, and was sufficient to give such pleading standing in court, and to cast upon plaintiff the burden of proving such notice, had any been given, the law only requiring such compliance, as is possible under the particular circumstances of the case, as shown by the record. Act of March 4, 1891, sec. 2, Gen. Laws 22nd Leg., p. 20; 1 Wade on Attach., secs. 49, 59; High on Injunc., secs. 984–1005, note 2; Hammersly v. Wyckoff, 8 Paige (N. Y.), 72; Sizer v. Miller, 9 Paige (N. Y.), 605; Stewart v. Katz, 30 Md., 334.

No brief for appellee reached the Reporter.

COLLARD, Associate Justice.—We do not think the court below erred in sustaining plaintiff's exception to defendant's answer setting up the failure of plaintiff to give notice of damage to the cattle. The contract of shipment required plaintiff to give notice of claim of damages to some general officer of the company or to the agent nearest to the delivering station, within ninety days after the loss or damage. The statutes declares, that such notice when stipulated "may be given to the nearest or any other convenient local agent." Gen. Laws 1891, p. 20. It further declares, that "it shall be presumed that notice has been given, unless the want of notice is specially pleaded under oath." The plea setting up the failure to give the notice was verified by the affidavit of defendant's station agent at the point of destination on its road, to the effect that the facts stated in the plea of failure to give the notice at such station were true, "and in so far as they relate to such notice by said Pietzsch to any other officer or agent of the Missouri, Kansas & Texas Railway Company and of defendant, I am reliably informed and verily believe them to be true."

In our opinion, the rule as laid down in Wilson v. Adams, 15 Texas, 324, and in Graham v. McCarty, 69 Texas, 324, is applicable to cases like the one at bar. The affidavit must be positive, and not from hearsay. It must be that the facts stated in the plea are true. Pullen v. Baker, 41 Texas, 420. The affidavit was not made by any general officer of defendant or by its attorney, and while we think the affidavit of the local station agent would be received in support of the plea as to failure to give notice to him, it would not be extended in a judicial proceeding to matters beyond his knowledge or in the knowledge of other agents or officers of the company. He was in no sense a party to the suit; he was a witness only, and could by his affidavit only be a witness to facts known to him. He could not swear to facts only known to others.

We have carefully examined and considered other questions presented in the well prepared brief of counsel for appellant, and find that there was no error committed on the trial by the rulings and charge of the court, or in refusing a new trial, and conclude that the judgment ought to be affirmed, and it is so ordered.

*Affirmed.*

Delivered May 15, 1895.