SMITH v. BANKS et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1912. Rehearing Denied Jan. 8, 1913.)

1. INJUNCTION (§ 144*)—TEMPORARY INJUNCTION—AFFIDAVITS FOR INJUNCTION.

Under Rev. Civ. St. 1911, art. 4649, providing that an injunction shall not be granted except upon petition verified by affidavit, a temporary injunction should not be granted where the affidavit of verification is made on knowledge, information, or belief with nothing to show what statements are made on knowledge, and which on information or belief, since affidavits should be so direct and unequivocal that an indictment for perjury will lie if the oath is falsely made.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

2. JUDGMENT (§ 586*) — CONCLUSIVENESS — MATTERS CONCLUDED.

Where a person claiming a homestead in land sued for and recovered possession and a judgment for rents, the fact that the party in possession did not then know that there were other claimants to the land did not entitle him, in a subsequent action by such other claimants, to relitigate his liability to the plaintiff in the first action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1066, 1098, 1099; Dec. Dig. § 586.*]

3. JUDGMENT (§ 588*) — CONCLUSIVENESS — MATTERS CONCLUDED.

Where a person sued for the possession of land and for rents claimed to be the owner in fee, and judgment was rendered against him on such claim, he could not, in an action by third parties against him and the plaintiff in the first action, claim that such third parties were the owners and entitled to the rents, and that he had an interest therein as mortgagee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062, 1090; Dec. Dig. § 588.*]

4. JUDGMENT (§ 627*)—CONCLUSIVENESS—PERSONS CONCLUDED.

A judgment in favor of a person claiming a homestead in land, for the possession thereof and for rents, precluded the defendants or any one else for them from disputing her right of homestead or her right to the rent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1141–1143; Dec. Dig. § 627.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Sarah Banks and others against Addie Smith. From an order denying a motion to dissolve a temporary injunction, the defendant named appeals. Reversed and rendered.

Edmund Haltom and J. H. Ragsdale, both of San Antonio, for appellant.

FLY, C. J. Sarah Banks and Mary Roberson sued Addie Smith, Theobald Herrmann, Oswald Herrmann, and Andres Coy, Jr., clerk of the district courts of Bexar county, alleging that the plaintiffs were the owners of two certain lots in San Antonio known as lots 2 and 11 in block A, C, B, 593, following that allegation by the statutory allegations in actions of trespass to try title. They further alleged that Addie Smith claimed a homestead interest in the property and has a judgment against the Herrmanns for $215, and she was threatening to issue an execution to collect the same; that she was insolvent, had no homestead rights, and her claim against the Herrmanns was fraudulent; that plaintiffs were entitled to possession of the property and would lose the $215 rent if Addie Smith collected it. The plaintiffs sought and obtained a temporary injunction against Addie Smith, which, however, was dissolved upon her motion. This was done on May 12, 1912, and on June 13, 1912, the Herrmanns filed an application for an injunction to restrain the collection of the judgment in the former case against them, alleging that they had made a loan to Nathan Smith; that he had executed to them a deed to the land in controversy in which a certain contract was referred to; that the deed was in fact a mortgage, to secure their debt; that Nathan Smith died, and said applicants took possession of the property; that Addie Smith, claiming to be the surviving wife of the father of Nathan Smith and as such entitled to possession of the property, sued them; that she recovered judgment for such possession from the applicants and for $215 rents for the property. There are allegations of abandonment of the homestead by Addie Smith prior to the death of her husband and of her bad treatment of him; that plaintiff Sarah Banks was the grandmother of Nathan Smith, and Mary Roberson his aunt, and they were entitled to possession of the land, and they tendered the rent to be paid to the proper claimant. A temporary injunction was granted, and the court overruled appellant's motion to dissolve the same, and from that order this appeal has been perfected.

[1] The application for injunction is verified by the following affidavit: "Oswald Herrmann, one of the defendants, being by me duly sworn, on oath deposes and says that the facts set out in the foregoing answer are true, to the best of his knowledge, information, or belief." There are no allegations in the application indicating what statements are made on knowledge, what on information, or what on belief, and one of the exceptions to the applications is based on that defect. The law provides that no injunction shall be granted unless the applicant shall present his petition to the judge, verified by his affidavit. Rev. Stats. 1911, art. 4649 (2992).

The test of an affidavit, as laid down by the Commission of Appeals (Whitemore & Co. v. Wilson, 1 Posey, Unrep. Cas. 213), is that the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made. The affidavit in this case will not meet that test, for it would be impossible to prove that any certain part of the petition was sworn to upon knowledge, information,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
152 S.W.—29

or belief, and consequently an indictment for perjury would have nothing upon which it could be predicated, with that definiteness required in criminal proceedings. The general rule is that an affidavit on mere information and belief, without supporting affidavits of the informants, is not sufficient. Beach, Inj. § 136; High, Inj. § 1569; Ruge v. Fish Co., 25 Fla. 656, 6 South. 489. In the cited case it was said: "As to the bill itself, however, it is sworn to upon the best of the knowledge, information, and belief of the affiant, and the defendants object to the granting of an injunction on this verification, unaccompanied by affidavits of the facts from those from whom the knowledge, information, and belief of affiant were derived." The affidavit was held defective. To the same effect are the cases of Pullen v. Baker, 41 Tex. 419, and Moss v. Whitson, 130 S. W. 1034.

The same rule would apply to the affidavit in the case of injunctions, as would apply to affidavits required by law in other cases, and it has been held that, where matters stated in a plea in abatement do not appear of record, the plea must be sworn to, and the affidavit must be to the truth of the plea, and not that it is true to the best of affiant's knowledge and belief. Wilson v. Adams, 15 Tex. 324; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342.

[2, 3] We might decline to proceed further; but, as the defect in the affidavit may be cured in a new application for injunction, it will save litigation to dispose of other matters disclosed by the record. The bill filed by the Herrmanns does not on its face present sufficient facts to entitle them to an injunction. It appears therefrom that their rights in the land had been fully litigated in the former case between them and appellant, and that possession of the land had been adjudged to be in appellant, and that they owed her $215 for rents. Their failure to know of the existence of other claimants to the land does not present any reason for permitting them to have another trial on the same issues with appellant. There was no duty devolving upon appellant to disclose in her pleadings or evidence in the former suit who the relatives of her dead husband and Nathan Smith were, and she could not be guilty of fraud in failing to make such disclosure. She was claiming a homestead right in the land by virtue of having been the wife of Alfred Smith, deceased, and the Herrmanns have had their day in court as to her having abandoned the homestead and thereby having lost her rights. Hermann v. Smith, 141 S. W. 1087. They will not be permitted in a court of equity to shift their position from that of claimants to the fee of the land to that of lienholders. The failure to make others parties in the former suit can offer no reason for the issuance of a writ of injunction to restrain the collection of the rents allowed in that suit. Appellant cannot be held responsible for such failure. Nevins v. McKee, 61 Tex. 412.

The facts in this case indicate that the Herrmanns claimed the property as theirs; that they had a warranty deed from Nathan Smith to the property; that Oswald Herrmann on the trial in the former case had sworn that he and his brother had paid $924, the purchase money, for the property; and that they made improvements. They have fixed their status as to the property, as between them and appellant, and will not be allowed to come into a court of equity and shift their relation to the land from owner to lienholder. They were in possession of the same facts then as now, and had the contract in their possession which they now claim shows the deed to be a mortgage. They are not entitled to an injunction to restrain the collection of the rent under the same or similar facts alleged and proved in this case.

[4] The judgment in the former case to which the plaintiffs below were not parties does not preclude them from prosecuting their action of trespass to try title against the Herrmanns and appellant, but the matter is settled by the former judgment as between the Herrmanns and appellant, and neither they, nor any one else for them, will be heard to dispute the right of the widow to her homestead rights and to her rents. Morris v. Edwards, 62 Tex. 205; Ratto v. Levy, 63 Tex. 278; Harn v. Phelps, 65 Tex. 592; Weaver v. Vandervanter, 84 Tex. 691, 19 S. W. 889.

In the cited case of Morris v. Edwards, the applicant for an injunction had a trial and had appealed, and the upper court had affirmed the judgment against him; but he was still not satisfied, and instituted another suit and sought a trial on the same facts as before, and the court held that he was bound by the former adjudication.

The judgment is reversed, and judgment here rendered that the temporary injunction be dissolved and that the Herrmanns pay all costs incurred by issuance of the same.