**BUTLER et al. v. REMINGTON.** (No. 9683.)

(Court of Civil Appeals of Texas. Ft. Worth. April 2, 1921.)

**1. Injunction ⬅️122—Petition verified upon information and belief is insufficient.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, providing that no injunction shall be granted unless the applicant present a petition verified by his affidavit, the affidavit must state that the facts upon which the applicant relies to sustain his injunction are true, and an affidavit on information and belief is insufficient.

**2. Appeal and error ⬅️192(2)—Form of affidavit on application for injunction may be questioned for the first time on appeal.**

The form of affidavit verifying petition for injunction under Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, may be questioned for the first time on appeal.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by E. Remington against Ben I. Butler and others. From a temporary injunction granted plaintiff, defendants appeal. Reversed and remanded, with instructions.

Arthur Heemann, of Fort Worth, for appellants.

Dee Estes and A. G. Mueller, both of Fort Worth, for appellee.

BUCK, J. This is an appeal from a temporary injunction granted on ex parte hearing in favor of E. Remington against Ben I. Butler, Arthur Heman, and H. B. Bowles. There are a number of reasons assigned why the judgment below is erroneous, but we will notice only one; i. e., that the affidavit to the petition upon which the injunction was granted was not in proper form. The petition is sworn to by plaintiff's attorney as follows:

"I, Dee Estes, one of the attorneys of record for the plaintiff herein, do swear that the matters and facts above alleged are true and correct, according to my information and belief."

[1, 2] We do not believe that this affidavit is sufficient to sustain a petition for injunction. Article 4649, V. S. Tex. Civ. Stats., provides that no injunction shall be granted unless the applicant present a petition verified by his affidavit. This affidavit must state that the facts upon which the applicant relies to sustain his injunction are true, and an affidavit upon information and belief is insufficient. Wilson v. Adams, 15 Tex. 323; Pullen v. Baker, 41 Tex. 419; Graham v. McCarty, 69 Tex. 324, 7 S. W. 342; Railway Co. v. Pietzsch, 10 Tex. Civ. App. 572, 30 S. W. 1083; Clarey v. Hurst, 136 S. W. 840; Smith v. Banks, 152 S. W. 449; Foresty Oil Co. v. Wilson, 178 S. W. 628; Kopplin v. Ludwig, 170 S. W. 105; Ginther v. De Zabalgoitio, 170 S. W. 793. The form of the affidavit may be questioned for the first time on appeal. White v. Ferris, 186 S. W. 367.

The judgment below will be reversed, and the cause remanded, with instructions to the trial court to set aside the judgment heretofore granted.