SCUDDER et al. v. BURRUS MILL & ELEVATOR CO. (No. 366.)

(Court of Civil Appeals of Texas. Waco. May 20, 1926.)

Account, action on ⊜⟞11 — Itemized account verified by affidavit, not stating facts were within affiant's knowledge, held inadmissible (Rev. St. 1925, art. 3736).

Itemized account, verified by affidavit of plaintiff's sales manager, which did not state that facts contained therein were within affiant's knowledge, as required by Rev. St. 1925, art. 3736, was improperly admitted in evidence over defendant's objection.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by the Burrus Mill & Elevator Company against A. L. Scudder and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Burney Braly, of Fort Worth, for appellants.

Capps, Cantey, Hanger & Short, of Fort Worth, for appellee.

BARCUS, J. This suit was instituted by appellee against appellants in the justice court on a verified account for $174.89. The cause was thereafter appealed to and tried in the county court to a jury, and resulted in a judgment being rendered for appellee for the full amount of said account. This cause is submitted in this court as an agreed case. The only evidence offered by appellee to establish the debt sued on was the itemized account, which was verified by the following affidavit made by H. C. Burns:

"Before me, the undersigned authority, this day personally appeared H. C. Burns, well known to me to be sales manager and credit man for Burrus Mill & Elevator Company, who, after being duly sworn, states that the above account against the Texas Co-operative Supply Company of Fort Worth, Tex., is correct, true and unpaid, and that all lawful offsets and credit have been allowed."

Appellant objected to the introduction of the account because it does not appear that the affidavit was made by an agent or attorney of plaintiff, and because it does not state that the facts sworn to are "within the knowledge of the affiant." The only question for our determination under the agreement of counsel is, Did the court err in admitting the account in evidence over said objections, and, in the absence of any other proof of the sale and delivery of the merchandise described in the petition, err in submitting the cause to the jury and rendering judgment for the plaintiff?

Article 3736 of the Revised Statutes provides that, when a suit is founded upon an open account supported by the affidavit of a party, his agent, or attorney, to the effect that such account is within the knowledge of affiant just and true; that it is due; and that all just and lawful offsets, payments, and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless same is denied under oath. The plain reading of the statute is that the affidavit must state that the facts contained therein are "within the knowledge of affiant." The affidavit copied above does not contain said allegation or provision. Our courts have uniformly held, so far as we have been able to find, that, unless the affidavit does in substance contain said provision, the account is not admissible in evidence over objection timely made. Shandy v. Conrales, 1 White & W. Civ. Cas. Ct. App. § 235; Brin v. Wachusetts Shirt Co. (Tex. Civ. App.) 43 S. W. 295; Maxwell v. Winner Gas Stove Co. (Tex. Civ. App.) 263 S. W. 944; Watson Co. Builders v. Bleeker (Tex. Civ. App.) 269 S. W. 147. We think

the trial court was in error in admitting the account in evidence over appellant's objection that the affidavit does not state that the facts contained therein are "within the knowledge of affiant," and without said account in evidence there was no testimony tending to establish the claim of appellee against appellants.

The judgment of the trial court is reversed, and the cause remanded.