## JNO. T. McCOY, Inc., v. SCHUSTER.

District Court, S. D. New York.

Jan. 22, 1942.

William L. Morris, of New York City, for plaintiff.

Martin J. Kelly, Jr., of New York City (Francis A. Kelly, of New York City, of counsel) for defendant.

CONGER, District Judge.

Plaintiff has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, because, as it contends, the pleadings, affidavits and papers submitted on this motion show that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. Alternative relief was asked for in the moving papers, i. e., to strike out the answer because defendant had failed to appear for an oral examination before trial. I disposed of this latter, on the argument of the motion, by ordering defendant to appear for said examination. He appeared with his attorney at my chambers on October 8, 1941, and was sworn by me. He was then examined by the attorney for the plaintiff before one of the official stenographers of this Court. The transcript of that examination is before me. It is not certified as required by Rule 30 (e), F.R.C.P. I am informed that defendant is not satisfied with the deposition. I gather this from the brief of defendant's attorney. It there appears that defendant claims he was confused and that some answers were made in error due to the fact that he did not understand the legal import of the word "publication" as used in the statute, 35 U.S.C.A. § 31.

However, no motion has been made to suppress the deposition, Rule 32(d), and I shall use it in deciding this motion in connection with the other documents submitted.

Plaintiff's complaint asks for declaratory judgment against the defendant, who is the owner of Patent No. 1,702,706. From the pleadings it appears that subsequent to February 19, 1929, and prior to filing the complaint, defendant had notified plaintiff that certain fire-proof construction which plaintiff was promoting and installing, infringed defendant's patent and demanded that it desist, and threatened that if it continued he would sue plaintiff

(Paragraph 6 of the complaint; not denied by the answer); and that further on or about July, 1941, defendant notified the Federal Construction Company that the fire-proof construction being installed by said company in collaboration with plaintiff was an infringement of defendant's patent (Paragraph 4 of answer). Plaintiff contends in his pleading that defendant's patent is void. He therefore asks for a declaratory judgment that said patent of defendant be declared void and for other incidental relief.

■ This action was properly brought. There is a real and substantial controversy between the parties admitting of specific relief through a decree of a conclusive character as distinguished from an opinion advisory what the law would be upon a hypothetical state of facts. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

Plaintiff's contention is that the patent of defendant is void ab initio because the subject matter of the single claim of said patent had been fully disclosed and described in a printed publication more than two years prior to April 14, 1926 (the filing date of the application upon which the said patent was granted). Plaintiff bases his contention upon the statute of March 3, 1897, 29 Stat. 692, R.S. § 4886, 35 U.S.C.A. § 31.

On the argument of this motion before me it was agreed by the attorneys for the parties the only unsettled issue was whether or not there had been a publication within the meaning of R.S. § 4886 of the printed booklet (plaintiff's exhibit B) and as to whether this question of publication presented an issue of fact for trial.

■ The catalogue or booklet was put out by defendant sometime in 1915. It contains a description of defendant's patented device; if this was put out to the trade generally it may be regarded as a publication of defendant's invention or discovery and would render his patent invalid. Jockmus v. Leviton et al., 2 Cir., 28 F.2d 812.

■ I am somewhat loath to grant summary judgment upon papers alone, but if the papers disclose that there is no triable issue then there should be no hesitation.

The single claim of defendant's patent is as follows: "A masonry floor comprising concrete, metal rods embedded in the concrete, and tile slabs on the under surface on the floor, said tile slabs being provided with longitudinal ribs and said ribs extending upwardly into the concrete, said metal rods resting upon the ribs and spaced thereby from the slabs; said spaces between the slabs and the rods being filled with concrete which encases the rods."

One of the affiants herein, an engineer, states that pages 10 and 11 of Exhibit B describes fully the single claim of the patent. A careful examination convinces me that this is so. Defendant himself, on his examination before trial, has so admitted.

Defendant testified that he, while an employee of Concrete & Foundation Company, composed this booklet with the aid of a patent attorney; that he had printed from 50 to 100 copies; that pages 3 to 9 inclusive of the booklet disclosed a structure that is not within the scope of the patent No. 1,702,706; that pages 10, 11 describe and illustrate the claim of the patent in suit; that the purpose of the booklet was to publish the other construction as disclosed on pages 3 to 9, and not the structure disclosed on pages 10, 11; that he gave the booklet to his licensees and some engineers; that the booklet was intended for distribution to those who might be interested in the other structure (pages 3 to 9); that he gave some of the copies of the booklet to plaintiff's President, John T. McCoy, who was going to Washington and other places to interest architects in the structure described on pages 3 to 9.

This, on the face of it, seems absurd. The booklet itself on the cover is entitled "Schuster Systems". The matter on pages 10, 11 is not set off in any way or differentiated from the other printed matter. One can only conclude that it is part of the "Schuster System" put out to the trade for exploitation. The opening paragraph of the booklet indicates this: "In presenting this introductory catalogue for the consideration of Architects, Engineers, Contractors and others interested in the erection of Fireproof Buildings, we call attention to the many advantages which led to the adoption of the Schuster Systems * * *."

The affidavits of John McCoy, Melvin S. Rich (an engineer), Fred F. Drew (a concrete contractor), George Ernest Dale, Theodore Barbato, indicate clearly that this booklet (Exhibit B) was used for pro-

motion purposes for more than two years prior to the date of defendant's application for a patent. The affidavit of Barbato is very illuminating. He swears that in and during the year 1920 he was associated with defendant; that defendant at that time had four or five packages of this booklet; that at defendant's request he (Barbato) distributed these booklets to the trade until the supply was exhausted and that whenever they put in a bid for floor construction on some job a copy of the booklet was mailed with the bid.

It appears to me from the pleadings, from the affidavits, and from defendant's examination before trial that there is no real issue for the trial court; I therefore grant plaintiff's motion for summary judgment. Settle order on notice.