Fred NAGELSON, Appellant,

v.

**FAIR PARK NATIONAL BANK, Appellee.**

No. 15873.

Court of Civil Appeals of Texas.

Dallas.

Nov. 3, 1961.

Rehearing Denied Dec. 1, 1961.

Woodgate, Richards & McElhaney, John H. McElhaney, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant Fred Nagelson brought this suit against Fair Park National Bank, Charley P. White and Tony Burrescia for damages for an assault and battery committed on appellant by White and Burrescia, who were attempting to repossess an automobile upon which the Bank held a chattel mortgage. White and Burrescia are partners in a used car business under the name of Big Wheel Motor Company. Nagelson is the operator of an automobile service station.

The Bank filed a motion for summary judgment. The court severed appellant's cause of action against the Bank from his cause of action against White and Burrescia. Thereafter the Bank's motion for summary judgment was sustained and judgment was accordingly entered that appellant Nagelson take nothing against Fair Park National Bank.

Herman Moore, an employee of appellant Nagelson, purchased an automobile from Big Wheel Motor Company, and as part of the purchase price executed an installment note and mortgage. The note and mortgage were transferred and as-signed by Big Wheel Motor Company to Fair Park National Bank.

Some time later appellant Nagelson sold a set of tires to his employee Moore. These tires were put on the automobile purchased by Moore, replacing the old tires which were on the car at the time of its purchase by Moore from Big Wheel Motor Company.

Moore became delinquent in his payments to the Bank. The Bank, which had right of recourse under the terms of the endorsement to the Bank of Moore's paper, notified Big Wheel Motor Company that Moore was delinquent in his payments.

Soon thereafter White and Burrescia set about to repossess the automobile from Moore. Moore was willing to relinquish the car, but upon learning of the imminent repossession, Nagelson placed the car on an elevated grease rack and started removing the new tires in order to replace them with the old tires which were on the car at the time of the sale by White and Burrescia. While Nagelson and Moore were so engaged White and Burrescia arrived on the scene. A controversy arose over the tires. Nagelson claimed the tires belonged to him. A fight took place. White and Burrescia repossessed the automobile together with the tires which were the subject of the dispute. Nagelson thereafter filed this suit for damages for assault and battery.

Marvin Hickman, Assistant Vice-President of the Bank, in an affidavit explained how Herman Moore's note and mortgage were handled so far as the Bank was concerned. When Big Wheel Motor Company sell an automobile the Bank carries their dealer paper, that is, the Bank discounts the loans made to Big Wheel Motor Company's individual buyers. If the purchaser of an automobile fails to make his payments, the Bank, pursuant to its right of recourse, simply takes the unpaid balance out of the Big Wheel Motor Company's reserve account which is set up for that pur-

pose. Big Wheel Motor Company, that is White and Burrescia, then take whatever steps they choose to minimize their loss because of the default. This procedure was followed in the case of Herman Moore. When Herman Moore became delinquent in his payments, White and Burrescia, the partners operating Big Wheel Motor Company, were notified by the Bank, and the indebtedness still owing from Herman Moore was charged against the reserve account of Big Wheel Motor Company.

Hickman further stated in his affidavit that he did not in any way tell White and Burrescia to repossess the automobile purchased by Moore; that he alone at the Bank handled the Big Wheel account; that he did not know until some time later that they had repossessed the car; that he never instructed or inferred that White and Burrescia should repossess the car; and that none of the officers and employees of the Bank have any control over White and Burrescia in their buying, selling, trading or repossessing of automobiles.

Charley White and Toney Burrescia, in affidavits also attached to the Bank's motion for summary judgment, corroborated the statements made by Hickman, in his affidavit. They said their transfers and assignments to the Bank of automobile notes and mortgages were always made with recourse against them. When the Bank informed them that Moore was delinquent, they took it upon themselves to go and get the car back so they could sell it and get what money they could out of the car; and that the Bank never instructed, suggested or in any way inferred that they should repossess the automobile bought by Moore. They further swore that neither of them had ever worked for the Bank in any capacity; that the Bank has no ownership or control over their business; that no officer or employee at the Bank tells them how to run their affairs; and that to their knowledge no one at the Bank knew of the repossession of Moore's car until after it had been completed.

Opinion

In his brief appellant Nagelson presents one point on appeal. He asserts that the court erred in rendering summary judgment absolving the Bank from liability for the tort committed by persons repossessing an automobile upon which the Bank was the only lien holder, especially when appellant had answered the motion for summary judgment with controverting affidavits tending to prove that the tort-feasors were acting in the interest of the Bank, as its agents, and raising genuine issues of fact material to such issue.

█ Appellant filed only one controverting affidavit and it is fatally defective. It does not show, as provided by Rule 166-A (e) Texas Rules of Civil Procedure, that it is made on personal knowledge and does not affirmatively show that affiant is competent to testify to the matters stated therein. Lawyers Surety Corp. v. Sevier, Tex.Civ. App., 342 S.W.2d 604; Gaston v. Copeland, Tex.Civ.App., 335 S.W.2d 406; Duffard v. City of Corpus Christi, Tex.Civ.App., 332 S.W.2d 447; Page v. Pan American Pet. Corp., Tex.Civ.App., 327 S.W.2d 469; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396.

█ The controverting instrument was signed by one of appellant's attorneys who merely swore that "the facts contained in the foregoing pleadings are true and correct to the best of his knowledge and belief." In 2 C.J.S. Affidavits § 26 page 981 it is recognized that affidavits on information and belief are sometimes sufficient. But the text further says, "However, the averments must be direct and positive and not on information and belief if the statute which provides for the making of the affidavit expressly requires the facts to be positively stated * * *." Texas decisions are in accord with the rule as above quoted. St. Paul Fire & Marine Ins. Co. v. Earnest, Tex.Civ.App., 293 S.W. 677 (Syls. 26 & 27); Scudder v. Burrus Mill

& Elevator Co., Tex.Civ.App., 285 S.W. 681; Graves v. M. Griffin O'Neil & Sons, Tex.Civ.App., 189 S.W. 778; Abilene Ind. Tel. & Tel. Co. v. Southwestern Tel. & Tel. Co., Tex.Civ.App., 185 S.W. 356; Smith v. Banks, Tex.Civ.App., 152 S.W. 449; Moss v. Whitson, Tex.Civ.App., 130 S.W. 1034; Missouri K. & T. Ry. of Texas v. Pietzsch, 10 Tex.Civ.App. 572, 30 S.W. 1083; Spinks v. Matthews, 80 Tex. 373, 15 S.W. 1101; Graham v. McCarty, 69 Tex. 323, 7 S.W. 342; 2 Tex.Jur.2d 416.

■ The purported controverting affidavit is defective for other reasons. Appellant in his controverting plea refers to, relies on and quotes at length from an alleged oral deposition of Marvin Hickman. But no oral deposition is included in the record which is before us in this appeal.

Appellant also quotes from the alleged testimony of White and Burrescia. But there is no transcript of this alleged testimony in the record and no signature of a court reporter or notary public authenticating the alleged testimony. In a supplemental brief appellant states that this quoted testimony is from a transcript of the testimony of White and Burrescia given at a criminal hearing, upon charges of assault and battery.

Though we have confidence in the integrity of the attorney who made the controverting affidavit, the quotations from the alleged depositions and testimony, unauthenticated as they are, amount to no more than hearsay from outside the record, therefore cannot be given effect as testimony. Riggs v. Bartlett, Tex.Civ.App., 310 S.W.2d 690, 693; Westfall v. Lorenzo Gin Co., Tex.Civ.App., 287 S.W.2d 551; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W. 2d 832; Savage v. Herrin Transfer & Warehouse Co., Tex.Civ.App., 219 S.W.2d 101, 103; Missouri K. & T. Ry. Co. v. Pietzsch, Tex.Civ.App., 30 S.W. 1083; 2 Tex.Jur.2d 418. In its original brief appellee asserts, and the assertion is not denied by appellant, that the transcript of the alleged testimony of White and Burrescia was not even a part of the record before the trial judge.

In its motion for summary judgment appellee says that its plea is based on "the pleadings and the depositions on file, together with the affidavits attached hereto, * * *". In its brief appellee says that the oral depositions of appellant Nagelson were taken and were a part of the record before the trial judge when he sustained the motion for summary judgment. This statement is not denied by appellant. The record before us on this appeal does not contain the oral depositions of appellant Nagelson.

■ From what we have said it is apparent that the record presented by appellant on appeal is not the complete record which was before the trial court. Appellant says that it is not necessary for him to bring up the entire record. We could agree if it were conclusively shown by the partial record before us that a question of fact exists in the case. But the contrary is true. So far as the partial record shows, no question of fact exists. The burden of proof on appeal is on appellant to show error on the part of the trial court. Since the partial record before us fails to disclose error, we shall not presume that the omitted part of the record does show error.

Anyway, we have read the quotations from the alleged deposition and testimony as contained in appellant's controverting plea, and in our opinion they do not conflict in any material way with the affidavits of Hickman, White and Burrescia attached to appellee's motion for summary judgment. The affidavits and the alleged oral depositions and testimony are in substantial accord as to the material facts.

■ Appellant in his supplemental brief asserts that appellee made no challenge at the hearing in the trial court to the sufficiency of his controverting affidavit, did not object to consideration of it by the trial court and made no objection to its inclusion in the transcript on appeal; therefore,

this court may properly consider the controverting plea though it technically fails to conform to the rule. In support of this contention appellant cites us to Barron & Holtzoff, "Federal Practice and Procedure", Rules Ed. § 1237, p. 171; Jno. T. McCoy v. Schuster, D.C., 44 F.Supp. 499; and United States v. Newbury Mfg. Co. D.C., 1 F.R.D. 718.

In answer to the above contention appellee in its supplemental brief asserts that appellee's counsel did raise the matter at the summary judgment hearing and did object to the consideration of the purported quotations in the controverting plea as being the equivalent of an affidavit; but that since appellant brought forward no statement of facts of the hearing on the motion, the objection does not appear in the record.

Thus we are confronted with a situation in which we cannot by examining the record resolve the difference in the respective assertions. Many cases could be cited holding that the burden of proving that there is no genuine issue of any material fact is on the movant in summary judgment proceedings. On the other hand it is equally well established that on appeal the burden is on appellant to show by the record that the trial court erred in some particular. Even if we were to agree with appellant's contention as to the legal effect of appellee's alleged failure to object in the trial court to the sufficiency of the controverting plea (we do not so agree), we should not in the present state of the record reverse the trial court's judgment on the *presumption* that no such objection was made.

■ As above stated, we do not agree with appellant's contention even if it were shown in the record that appellee made no objection at the hearing in the trial court to the sufficiency of appellant's controverting plea. The deficiencies in our opinion are not merely technical in nature. They go to the very substance of the matter so that the purported controverting affidavit

cannot be considered as anything more than an unsworn pleading.

The authorities cited by appellant are not in point. In McCoy v. Schuster, supra, the trial judge himself ordered the defendant's testimony to be taken prior to the hearing, swore the witness himself, and the testimony was recorded by the official court reporter. Thus the authenticity of the testimony was known to the court.

In the Newbury Mfg. Co. case, the United States Attorney filed an affidavit showing what he proposed to prove at the trial of the case. The defendant replied with affidavits showing what the affiants would testify at the trial. The trial judge stated that enough had been shown to satisfy him that there were fact issues to be determined. The situation presents no analogy to the present case.

Appellant further contends that we cannot accept the three affidavits offered by appellee as conclusive though they are not contradicted, since they are affidavits by interested parties; therefore they can do no more than give rise to fact issues. In support of this contention appellant cites us, among other cases, to James T. Taylor v. Arlington Ind. School Dist., Tex., 335 S.W. 2d 371.

■ The general rule as stated in the above-cited case is that the testimony of an interested witness, even if uncontradicted, ordinarily presents an issue of fact as to the credibility of the witness. However, we do not believe the rule is applicable here. Though Marvin Hickman is an officer of appellee Bank and therefore an interested witness, his affidavit is corroborated by the affidavits of White and Burrescia, who in our opinion are not interested witnesses. They are not parties to the present suit, for appellant's cause of action against them has been severed from his action against the Bank. They are not employees of the Bank. Moreover, their interest may well be considered adverse to the appellee Bank since

it would be to their interest to have an additional defendant to share any liability in the event of judgment in favor of appellant.

■ But even if White and Burrescia were to be considered interested witnesses, the general rule relied on by appellant would not apply. One of the exceptions to the rule is that when the testimony of interested witnesses is direct and positive and uncontradicted, and there are no circumstances tending to discredit and impeach them, judgment must be rendered in accordance with their testimony. Gibbs v. Wheeler, Tex.Civ.App., 306 S.W.2d 929, 934; Reese v. Interstate Securities Co., Tex.Civ.App., 301 S.W.2d 480; Holland v. Lansdowne-Moody Co., Tex.Civ.App., 269 S.W.2d 478; Patrick v. Reed, Tex.Civ. App., 253 S.W.2d 444, 449; Trotter v. McLennan County Water Control & Imp. Dist. No. 1, Tex.Civ.App., 252 S.W.2d 734, 739; Wilson v. Teague Ind. School Dist., Tex.Civ.App., 251 S.W.2d 263, 268; Walker v. Simons, Tex.Civ.App., 243 S.W.2d 600, 603; Fowler v. Tex. Emp. Ins. Ass'n., Tex.Civ.App., 237 S.W.2d 373, err. ref; Bartsch v. Ruby, Tex.Civ.App., 229 S.W. 2d 105, 106; Dyer v. MacDougall, 2 Cir., 201 F.2d 265; Lindsey v. Leavy, 9 Cir., 149 F.2d 899, cert. denied 326 U.S. 783, 66 S.Ct. 331, 90 L.Ed.2d 474; Orvis v. Brickman, D.C., 95 F.Supp. 605, aff. 90 U.S.App. D.C. 266; 196 F.2d 762. This exception to the general rule seems especially applicable here since there is nothing in the record to show that appellant sought to avail himself of Rule 166–A(f) by showing that he could not by affidavits present facts essential to justify his opposition, or that he sought a continuance to permit affidavits to be obtained, or depositions to be taken or discovery to be had.

In his unsworn petition appellant Nagelson alleges that White and Burrescia are partners doing business as Big Wheel Motor Company with their place of business in Garland, Texas; that Herman Moore purchased an automobile from them; that the automobile was financed by appellee Bank, which was the holder of the lien on said automobile; that Herman Moore became delinquent in his payments, and agreed to repossession of the car; that appellant Nagelson, Moore's employer, had sold Moore four new tires; that when repossession of the car became imminent, appellant Nagelson claimed that the four new tires belonged to him, and the automobile was placed on a hoisted grease rack for the purpose of removing the new tires, claimed by Nagelson, and replacing them with the old tires; and that at this juncture White and Burrescia appeared on the scene, assaulted Nagelson, replaced the new tires on the automobile and took the car with the tires from Nagelson's premises.

In his unsworn petition Nagelson also alleges that White and Burrescia "were the agents, servants or employees of the defendant Fair Park National Bank at the time of committing said unlawful, intentional, willful and wanton acts and were acting in the capacity of 'repossessors' or a 'goon squad' for defendant Bank."

■ We find no evidence in the record before us in support of the above allegations that White and Burrescia were the servants, agents or employees of the Bank, or that they were in any sense agents of the Bank with authority to convert appellant's tires (if they were his) to the Bank's use, or even to repossess the automobile sold by White and Burrescia to Moore. Certainly there is no showing whatever that the Bank authorized, participated in or ratified the acts of White and Burrescia in assaulting appellant Nagelson. All of the evidence is to the contrary. In the early part of this opinion we stated the substance of affidavits made by Hickman, White and Burrescia, so need not repeat those statements here.

If White and Burrescia were agents of the Bank in any sense, they were not servant-agents or employee-agents. The relation between them was not that of master and servant. The undisputed evidence is

that they were not subject to the control of the Bank as to their actions or conduct, nor did the Bank request or ratify their assault on appellant. Under such circumstances the Bank cannot be held liable for the assault. Workmen v. Freeman, Tex.Civ. App., 279 S.W.2d 486; Trotter v. McLennan County Water Control & Imp. Dist. No. 1, Tex.Civ.App., 252 S.W.2d 734; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Taylor v. Stanford, Tex.Civ.App., 229 S.W. 2d 427; National Cash Register Co. v. Rider, Com.App., 24 S.W.2d 28; Pyle v. Ely & Walker Drygoods Co., 6 Cir., 179 F.2d 677; Globe Ind. Co. v. Victill Corp., 208 Md. 573, 119 A.2d 423; 29 Tex.Jur. 409; Prosser on Torts, 2d Ed. 356; Restatement of Agency, 2d § 250.

Even in cases where the relation of master and servant is present it has often been held that the employer is not liable for an assault made by the employee on a third person, unless the nature of the employment and the circumstances of the case authorize the servant to use force, and the servant uses more force than the circumstances require. Jax Beer Co. v. Tucker, Tex.Civ.App., 146 S.W.2d 436; National Life & Accident Ins. Co. v. Ringo, Tex.Civ. App., 137 S.W.2d 828; A. B. C. Stores v. Brown, Tex.Civ.App., 105 S.W.2d 725; Pratley v. Sherwin-Williams Co. of Texas, Tex.Civ.App., 56 S.W.2d 510; Genovese v. Butt, Tex.Com.App., 48 S.W.2d 587; Horwitz v. Dickerson, Tex.Civ.App., 25 S. W.2d 966; Mayes v. American Nat'l Ins. Co., Tex.Civ.App., 16 S.W.2d 333; Moskins Stores v. DeHart, 217 Ind. 622, 29 N. E.2d 948; MacPhail v. Pinkerton's Nat. Detective Agency, 134 Pa.Super. 351, 3 A. 2d 968; Mechem on Agency, 2d Ed. § 1978.

In the instant case appellant Nagelson was not the owner of the automobile which was repossessed. The assault, according to appellant's own pleadings, took place in connection with a controversy over the ownership of four tires which Nagelson claimed he owned, not over repossession of the automobile. There is nothing in the record to show that the Bank knew of Nagelson's claim and certainly nothing to suggest that the Bank authorized White or Burrescia to commit an assault in order to take possession of four of Nagelson's tires.

It is to be remembered that the Bank stood to lose nothing by Moore's failure to make his payments on the car. It simply exercised its recourse against White and Burrescia by charging their reserve account with the balance due on the note and mortgage. Foreclosure and repossession was then up to White and Burrescia, not the Bank. See the annotations at 22 A.L.R. 2d 1231.

Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.