E. P. WATKINS et al., Appellants,

v.

BURROUGHS CORPORATION et al., Appellees.

No. 7236.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 18, 1963.

Rehearing Denied March 25, 1963.

John J. Watts, Odessa, for appellants.

Evans, Pharr, Trout & Jones, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an appeal from an order of the court granting a summary judgment on behalf of the defendants, Burroughs Corporation and Frank M. Taylor. It is stipulated by designation of the contents of the record and by agreement of the parties that the depositions of Frank M. Taylor, Jo Ann Watkins, and Betty Foster would serve as a Statement of Facts in this cause. The appellants alleged in the trial court that the defendants, Burroughs Corporation and Frank M. Taylor, were negligent in the following respects, to-wit:

"The Plaintiff would show that the defendant, Burroughs Corporation, was negligent because the defendant, Frank M. Taylor, was driving an automobile in the course and scope of his employment for Burroughs Corporation, and while driving that automobile Taylor committed several acts of negligence, to-wit:

"(a) He was driving said automobile at a speed which was excessive and negligent under the circumstances then and there existing;

"(b) He was following a vehicle too closely in violation of Article 6701D, R.C.S. of Texas, and such violation constituted negligence as a matter of law;

"(c) He attempted to pass a school bus which was slowing down to turn;

"(d) He failed to reduce his speed as he approached the rear of the school bus;

"(e) He failed to reduce his speed as he approached an intersection;

"(f) He failed to give warning to the vehicles following him that he was about to reduce his speed suddenly;

"(g) He failed to keep a proper lookout;

"(h) He failed to drive his vehicle upon the right half of the roadway in violation of Article 6701D, Revised Civil Statutes of Texas, and such violation constituted negligence as a matter of law;

"(i) He drove his vehicle across the center line of the highway in

violation of Article 6701D, R.C.S. of Texas, which violation constituted negligence as a matter of law;

each and all of which acts were a proximate cause of the injuries sustained by Betty Foster, and Jo Ann Watkins and damages of plaintiff as hereinafter described."

The trial court being of the opinion that there was no evidence of probative force to substantiate any of the allegations so made granted the Motion for Summary Judgment in favor of these appellees and from that judgment these appellants perfected this appeal. The appellants present this appeal upon one point of error contending the evidence was sufficient to raise issues of fact for the jury as to the negligence of Burroughs Corporation and its employee, Frank M. Taylor.

Miss Watkins did not know anything about how the accident occurred. Her testimony was as to what she was doing at the time of the accident and as to her damages. To determine whether there were any questions of fact to be submitted to the jury, we must look solely to the depositions of Frank M. Taylor and Mrs. Foster.

Taylor testified just before the accident in question he was following a school bus that was traveling south. The evidence of Mrs. Foster and Mr. Taylor was that the bus was on its right side of the road and that Taylor was behind the bus and had slowed down to let the bus turn to the west. Mrs. Foster testified she saw Taylor slowing down and knew she would have to slow down and took her foot off of the gas and realized she was going to have to stop. She then applied her brakes but they were wet and did not hold. She decided she was going to have to stop as she was going to get upon them before the bus and car got out of her way. She tried to avoid hitting Taylor's car by going off to the side of the road but the left front part of her car struck the right rear portion of Taylor's car, knocking him in front of the Watkin's

car that was going north. Taylor was not attempting to pass the bus but was on his proper side of the road until knocked across the center of the line in front of the Watkin's car that was traveling north.

 When the appellees filed their Motion for Summary Judgment, the burden was upon them of proving that there was no genuine issue of material fact. Taylor's testimony was positive and uncontradicted showing no negligence on his part. The testimony of Mrs. Foster, the only other witness testifying concerning the acts of Taylor, corroborated Taylor's testimony. Since there were no circumstances to discredit and impeach the testimony of both Mr. Taylor and Mrs. Foster, the trial court had to render judgment in accordance with their testimony. Nagelson v. Fair Park National Bank, Tex.Civ.App., 351 S.W.2d 925 (NRE). Judgment of the trial court is affirmed.