**MID–TEXAS TELEPHONE COMPANY,**
Appellant,

v.

**FIRST NATIONAL MOBILE HOME
SALES, INC., and Bob L.
Royal, Appellees.**

No. 12079.

Court of Civil Appeals of Texas,
Austin.

March 6, 1974.

John R. Duren, Copperas Cove, for appellant.

Mark Davenport, Cain, Davenport & Jones, Dallas, for appellees.

O'QUINN, Justice.

Mid-Texas Telephone Company brought this action to collect a past due account for telephone services in the amount of $554.11, naming as defendants First National Mobile Home Sales, Inc., and Bob L. Royal, individually.

Royal moved for summary judgment, and the trial court upon a hearing on the motion, entered judgment granting Royal's motion and dismissing him with prejudice from the suit. In the same judgment the court approved an agreed judgment between First National Mobile Homes and the Telephone Company, awarding the Telephone Company recovery of $554.11 on its account and $200 for attorney's fees.

Mid-Texas Telephone has appealed from the action of the trial court dismissing Royal from the suit and brings seven points of error.

We will overrule all points of error and affirm the judgment of the trial court.

The Telephone Company pleaded ". . . that Bob L. Royal now owns said Corporation and has guaranteed the payment of all of its debts." Royal by verified answer denied "any indebtedness to Plaintiff . . . and . . . assumption of any indebtedness . . . as to the Defendant National Mobile Home Sales, Inc."

In support of his motion for summary judgment Royal by affidavit stated: "At no time have I personally obligated myself in any fashion to pay any charge or charges to Mid-Texas Telephone Company for services . . . rendered to First National Home Sales, Inc. * * * I have executed no personal obligations or guaranties to Mid-Texas Telephone Company for any indebtedness allegedly due on account with First National Mobile Homes Sales, Inc., and any asserted document which purports to contain such provision is a forgery."

Royal joined First National Mobile Home Sales in a motion for production by the Telephone Company of any records, contracts, or documents purporting to evidence any indebtedness of either defendant or any instrument signed by Royal upon which the Telephone Company based its claim in whole or in part.

The Telephone Company did not file an affidavit to refute the averments in Royal's affidavit, nor did the Telephone Company respond to the motion for production of records showing Royal's commitment to pay the accounts of the Mobile Home Sales corporation. Royal's motion for summary judgment and the supporting affidavit were on file more than three months prior to hearing on the motion. The Telephone Company did not avail itself prior to hearing of the provisions of Rule 166–A(f), Texas Rules of Civil Procedure, permitting a party who has not filed a controverting affidavit to obtain delay in order to attempt to secure affidavits or take depositions.

■ It is an established rule that a plaintiff in effect admits the facts alleged in the defendant's affidavit if at the hearing on defendant's motion for summary judgment the plaintiff has filed no counter affidvits, and makes no showing that affidavits are not available, but relies only on such showing as may be found in plaintiff's pleadings. Holland v. Lansdowne-Moody Co., Inc., 269 S.W.2d 478, 481 (Tex.Civ.App. Waco 1954, no writ); Lotspeich v. Chance Vought Aircraft, 369 S. W.2d 705, 712 (Tex.Civ.App. Dallas 1963, writ ref. n. r. e.); Midwestern Development Co. v. Dunlap, 389 S.W.2d 112, 114 (Tex.Civ.App. Texarkana 1965, writ ref. n. r. e.).

■ The Telephone Company did not plead that First National was the *alter ego*

of Royal, but placed its action on the ground that Royal had guaranteed payment of the corporation's debts. Royal denied personal liability as guarantor of the corporation's debts by affidavit supporting his motion for summary judgment, by verified answer, and in sworn answers to plaintiff's request for admissions. The trial court properly granted Royal's motion for summary judgment, since there was no genuine issue of fact affecting Royal's liability for the debts of First National.

■ The Telephone Company contends that the trial court erred in hearing Royal's motion for summary judgment without having first ordered Royal to answer certain requests for admissions. The record shows that the Telephone Company made its appearance at the hearing on motion for summary judgment and announced ready, without moving for continuance and without filing an affidavit as authorized under Rule 166–A(f). In granting Royal's motion for judgment, the trial court impliedly overruled the Telephone Company's pending motions related to discovery, but no bills of exception are found in the record. Rule 372, Texas Rules of Civil Procedure. The points of error under which these contentions are made are overruled.

Under the final point of error we consider the Telephone Company's contention that the affidavit Royal filed in support of his motion for summary judgment was inadequate "to abrogate the material facts in issue." In this contention appellant relies on Nagelson v. Fair Park National Bank, 351 S.W.2d 925, 928 (Tex.Civ.App. Dallas 1961, writ ref. n. r. e.). In *Nagelson* the affidavit was made by an attorney for the party in which the attorney swore that the facts contained in the pleadings were true and correct to the best of his knowledge and belief. Here the Telephone Company urges that Royal's affidavit did not meet the strict requirements of Rule 166–a(e). The record does not show that objection was made to the affidavit in the trial court.

Rule 166–a(e) requires that, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Although Royal swore that the statements contained in the affidavit were "true to the best of his knowledge," the affidavit stated his qualifications as a witness, that he had personal knowledge of all the facts stated, and categorically denied that he had ever obligated himself to pay the Telephone Company for any services rendered First National. Royal identified himself as defendant in the suit and admitted being a corporate officer in First National. The affidavit did not contain hearsay or conclusions, and Royal stated only facts as in normal expectation would be within his personal knowledge, to which he could have testified in court or by deposition.

■ In Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230, 233 (Tex.Sup. 1962), where the affidavits did not recite that they were made on personal knowledge or that the affiant was competent to testify, the Supreme Court held that failure of the opponent to object to purely formal defects in the movant's papers constituted waiver of the defects. See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex.Sup.1972).

McDonald in this language states the principle that timely objection must be made in the trial court: ". . . when an affidvit states facts which indicate that the affiant 'probably has personal knowledge and is competent to testify to such facts,' any *objections to its formal sufficiency* must be raised in the trial court, and in the absence thereof the affidavit, *all other requirements being satisfied,* will support a summary judgment . . ." (Emphasis added) 4 McDonald, Texas Civil Practice, sec. 17.26.5, p. 145 (Rev. ed.1971).

The only theory pleaded by the Telephone Company upon which it might recover against Royal individually was that

Royal had guaranteed to pay the charges against First National for telephone services. There were no facts before the trial court inconsistent with Royal's unqualified denial that he had in any manner obligated himself personally to pay or guarantee payment of the telephone bills incurred by the First National corporation. The affidavit did more than raise a fact issue, and judgment was properly granted on the merits of Royal's summary judgment proof. See Swilley v. Hughes, *supra*.

█ Objections made to the affidavit are directed only to its formal sufficiency and should have been raised in the trial court. Complaint for the first time on appeal comes too late. Lobit v. Crouch, 293 S.W. 2d 110, 112 (Tex.Civ.App. Austin 1956, writ ref. n. r. e.). All other requirements having been satisfied, aside from formalities of the affidavit, the summary judgment proof was adequate to support the judgment.

We have carefully examined all of the points of error brought by the Telephone Company and all are overruled.

Judgment of the trial court is affirmed.

Affirmed.